PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/16/96**

TENTH CIRCUIT

PHILLIPS COMPANY, named: The
Phillips Company,

    Plaintiff-Counter-
    Defendant-Appellant,

v.

THE DENVER AND RIO GRANDE
WESTERN RAILROAD COMPANY,
a Delaware corporation; SOUTHERN
PACIFIC RAIL CORPORATION, a
Delaware corporation,

    Defendants-Counter-
    Claimants-Appellees,

No. 95-1412

The Surface Transportation Board,

    Amicus Curiae.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 93-Z-1461)

Submitted on the briefs:

George M. Allen, Telluride, Colorado, for Plaintiff-Counter-Defendant-Appellant.

John R. Webb, Holme Roberts & Owen LLC, Denver, Colorado, for Defendants-Counter-Claimants-Appellees.

Henri F. Rush, General Counsel, Louis Mackall, V, Interstate Commerce Commission, Washington, D.C., for Amicus Curiae The Surface Transportation Board.

––––––––––––––––––

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

––––––––––––––––––

ANDERSON, Circuit Judge.

––––––––––––––––––

The issue presented by this appeal[1] is whether authorization from the Interstate Commerce Commission (ICC)[2] to abandon a railroad line, see 49 U.S.C. § 10903, is a prerequisite to a court's determination that the railroad has abandoned the right of way for purposes of 43 U.S.C. § 912.  In light of the

––––––––––––––––––

[1]	After examining the briefs and appellate record, and after fully considering appellant's request for oral argument, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[2]	On January 1, 1996, the functions of the ICC were transferred to the Department of Transportation's Surface Transportation Board.  See CSX Transp., Inc. v. Surface Transp. Bd., 75 F.3d 696, 697 (D.C. Cir. 1996)(citing ICC Termination Act of 1995, Pub. L. No. 104-88, 109 Stat. 803 (1995)). Because the ICC was the pertinent administrative entity throughout these proceedings, we will continue to refer only to the ICC in this decision.

reasonableness of the ICC's determination that its authorization under § 10903 is a prerequisite to § 912 abandonment, we affirm.[3]

Plaintiff, a Colorado limited partnership owning land adjacent to a portion of defendants' Aspen Branch railroad line, commenced this action under § 912, seeking to quiet title to the right of way underlying the adjacent rail line in itself. Plaintiff alleged that defendants' interest in the right of way was granted by the United States by statute in 1875 and that defendants had abandoned that right of way no later than October 3, 1988.

Section 912 provides, in part, and with exceptions not applicable here, that

[w]henever public lands of the United States have been . . . granted to any railroad company for use as a right of way for its railroad . . ., and use and occupancy of said lands for such purposes has ceased . . ., whether by forfeiture or by abandonment by said railroad company declared or decreed by a court of competent jurisdiction or by Act of Congress, then and thereupon all right, title, interest, and estate of the United States in said lands shall . . . be transferred to and vested in any person, firm, or corporation, assigns, or successors in title and interest to whom or to which title of the United States may have been or may be granted, conveying or purporting to convey the whole of the legal subdivision or subdivisions traversed or occupied by such railroad . . . .[4]

_____

[3]     In light of the district court's order dated July 23, 1996, dismissing defendants' counterclaim, we now have jurisdiction to consider this appeal under 28 U.S.C. § 1291.

[4]     Under 16 U.S.C. § 1248(c), however,

[c]ommencing upon October 4, 1988, any and all right, title, interest, and estate of the United States in all rights-of-way of the
(continued...)

Pursuant to 28 U.S.C. § 1336(b), the district court referred to the ICC the issue of whether defendants had abandoned the railroad line. The ICC determined that no abandonment had occurred because the ICC had never authorized defendants to abandon the line, as required under § 10903, which provides that "[a] rail carrier providing transportation subject to the jurisdiction of the [ICC] . . . may . . . abandon any part of its railroad lines . . . only if the [ICC] finds that the present or future public convenience and necessity require or permit the abandonment . . . ." § 10903(d)(1).

Following the ICC's decision, the district court granted defendants summary judgment in the § 912 action, deferring to the ICC's determination that no abandonment could occur under § 912 until the ICC had authorized defendants, under § 10903, to abandon the railroad line. Phillips Co. v. Southern Pac. Rail Corp., 902 F. Supp. 1310, 1311-12 (D. Colo. 1995). Plaintiff appeals the district court's decision.

---

[4](...continued)
type described in . . . 43 U.S.C. [§] 912 . . . shall remain in the United States upon the abandonment or forfeiture of such rights-of-way . . . .

Because plaintiff seeks a determination that defendants abandoned their right of way prior to the effective date of § 1248(c), this statute is not relevant to the disposition of this appeal.

This court reviews a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Carl v. City of Overland Park, 65 F.3d 866, 868 (10th Cir. 1995). Summary judgment is appropriate only if there are no genuinely disputed material issues of fact and the nonmoving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The relevant statutory language does not clearly indicate the appropriate interplay between § 912 and § 10903. Where, as here, therefore, the statutory language is ambiguous, this court must defer to a reasonable interpretation of the statute by the agency responsible for its administration. National R.R. Passenger Corp. v. Boston & Maine Corp., 503 U.S. 407, 417-18 (1992)(citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)). The ICC reasoned that its authorization was necessary, prior to a judicial determination of abandonment under § 912, in light of the agency's "exclusive and plenary . . . authority over the abandonment of rail lines," citing Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311 (1981), and because, if de facto abandonment were sufficient to establish abandonment under § 912, a railroad could easily circumvent the ICC's oversight and regulation by simply terminating its use of a railroad line. Phillips Co., 902 F. Supp. at 1316-17. Because we cannot say that the agency's interpretation of the relationship between these statutes is unreasonable, we must defer to the ICC's determination.

Modern Handcraft, Inc. -- Abandonment in Jackson County, Mo., 363 I.C.C. 969, 1981 WL 22670 (I.C.C.)(Aug. 19, 1981), is not to the contrary. In that case, a public transportation authority had initially attempted to obtain title to a railroad right of way through a state court condemnation action. Id. at *3 (citing Kansas City Area Transp. Auth. v. Ashley, 555 S.W.2d 9 (Mo. 1977), cert. denied, 434 U.S. 1066 (1978)). The state supreme court balked, noting that the ICC had jurisdiction over the railroad as a common carrier and that legal abandonment of the rail line could be accomplished only pursuant to an ICC order. Id. The public transportation authority, along with the private landowners adjoining the right of way, then pursued a certificate from the ICC authorizing abandonment, which the ICC granted after noting that the railroad had already ceased using the right of way for railroad purposes.

In Modern Handcraft, Inc., therefore, the third parties possessed a present reversionary interest in the right of way at issue, and were able to obtain the ICC's permission for the abandonment of the railroad based upon proof of a de facto abandonment and based upon the ICC's determination that present and future public convenience and necessity permitted the abandonment. In this case, on the other hand, plaintiff is hard pressed to assert a present reversionary interest in the right of way, in light of 16 U.S.C. § 1248(c), and instead seeks a retroactive determination that the right of way reverted to it prior to the effective date of §

1248. The ICC has indicated, however, with no argument from plaintiff, that it has no authority to authorize, retroactively, the abandonment of a rail line. Appellant's App. at 189 (ICC indicated it does not "issue certificates authorizing abandonment as of a past date," citing § 10903(a)'s language requiring ICC to make findings of "present or future" public convenience and necessity in abandonment proceedings). Plaintiff's arguments relying upon Modern Handcraft, Inc., therefore, are unpersuasive.

On appeal, plaintiff argues, for the first time, that this case must be remanded in light of the ICC's exemption from formal abandonment procedures, available for railroad lines that have been out of service for more than two years. See 49 C.F.R. § 1152.50. This argument fails, not only because plaintiff failed to raise this issue to the ICC, see Micheli v. Director, OWCP, 846 F.2d 632, 635 (10th Cir. 1988), or the district court, see Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993), but also because that exemption is expressly available only to railroads and is not self-executing, Exemption of Out of Service Rail Lines, 366 I.C.C. 885, 1983 WL 28009 (I.C.C.), at *4-5 (June 3, 1983); see also 49 C.F.R. § 1152.50(d).

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Defendants' motion to file a surreply brief is DENIED as moot.