**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

T. GREGORY KIRIANOFF;
PATRICIA KIRIANOFF, on behalf of
a class of similarly situated persons
or entities,

         Plaintiffs-Appellants,

v.

SOUTHERN PACIFIC RAIL
CORPORATION, a Delaware
corporation; THE DENVER AND RIO
GRANDE WESTERN RAILROAD
COMPANY, a Delaware corporation;
SOUTHERN PACIFIC
TRANSPORTATION COMPANY,
a Delaware corporation,

         Defendants-Appellees,

and

ROARING FORK RAILROAD
HOLDING AUTHORITY,

         Intervenor.

No. 97-1037
(D.C. No. 96-Z-570)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal the district court decision dismissing their declaratory judgment action. See Fed. R. Civ. P. 12(b)(6). This court reviews such a dismissal de novo, accepting plaintiffs' well-pleaded allegations as true. See Summum v. Callaghan, 130 F.3d 906, 913 (10th Cir. 1997). Upon consideration of the record and the parties' arguments, we affirm.

Plaintiffs, proceeding under 43 U.S.C. § 912, seek to quiet title in themselves to a railroad right-of-way adjoining their property. A determination by the Surface Transportation Board (Board), under 49 U.S.C. § 10903, authorizing the railroad to abandon the rail line is a prerequisite to a court's transferring interests to adjoining landowners under § 912. See Phillips Co. v. Denver & Rio Grande W. R.R., 97 F.3d 1375, 1375 (10th Cir. 1996), cert. denied, 117 S. Ct. 2480 (1997). Because the Board has not authorized defendants to

-2-

abandon the rail line at issue here, the district court did not err in dismissing plaintiffs' claims.

Plaintiffs argue that <u>Phillips Co.</u> "cannot be easily reconciled with the Federal Circuit's decision" in <u>Preseault v. United States</u>, 100 F.3d 1525 (Fed. Cir. 1996). <u>See</u> Appellants' Opening Br. at 6. This three-judge panel does not have authority to overrule <u>Phillips Co.</u>, <u>see, e.g.</u>, <u>Summum</u>, 130 F.3d at 912 n.8; <u>United States v. Hargus</u>, 128 F.3d 1358, 1364 (10th Cir. 1997), <u>petition for cert. filed</u> (Dec. 5, 1997) (U.S. No. 97-7024), and plaintiffs have not filed a suggestion for in banc consideration, <u>see</u> Fed. R. App. P. 35; <u>see also</u> <u>United States v. Splawn</u>, 963 F.2d 295, 297 (10th Cir.), <u>on reh'g</u>, 982 F.2d 414 (10th Cir. 1992).

The judgment of the United States District Court for the Colorado is AFFIRMED. Intervenor's request for sanctions is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge