FILED
United States Court of Appeals
Tenth Circuit

September 11, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Counter-Defendant - Appellee,

v.

MARVIN M. BRANDT, Trustee of the Marvin M. Brandt Revocable Trust, MARVIN M. BRANDT REVOCABLE TRUST,

    Defendants-Counter-Claimants - Appellants,

and

DANIEL K. MCNIERNEY, SUSAN MCNIERNEY; GINNY L OTTERSTEIN; LAWRENCE R OTTERSTEIN; NORMA J. BREAZEALE,

    Defendants-Counter-Claimants,

and

WYOMING AND COLORADO RAILROAD COMPANY, INC.; GARY WILLIAMS; JOAN WILLIAMS; GLENNA MARRS; KENNETH R. LANKFORD, II; KENNETH R. LANKFORD, SR.; PATRICK R RINKER; PATRICIA A. RINKER; RONDAL WAYNE; EDMUND L GRUBER; KATHLYNN A. LAMBERT; DAVID M. PEARCE;

No. 09-8047
(D.C. No. 2:06-CV-00184-ABJ)
(D. Wyo.)

DOROTHY M. PEARCE; ROBERT S.
PEARCE; STEVEN M. PEARCE;
TOBIN L. RATLIFF; LYNDA L.
RINKER; PATRICK R RINKER;
JANIS A. TAFFEE; STEVEN P.
TAFFEE,

    Defendants.

----------------------

RAILS TO TRAILS
CONSERVANCY,

    Amicus Curiae.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

The Marvin M. Brandt Revocable Trust and Mr. Brandt, Trustee, appeal

from the district court's judgment quieting title in the United States to certain

property that crosses the trust's property. United States v. Marvin M. Brandt

Revocable Trust, 2008 WL 7185272 (D. Wyo. 2008). The parties are familiar

with the facts and we need not restate them here. Suffice it to say that the subject

property is part of an abandoned right-of-way granted a railroad pursuant to the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

General Railroad Right-of-Way Act of 1875, 43 U.S.C. § 934 ("1875 Act") and a nearby government road, Forest Service Road 512.

A.  The Railroad Right-of-Way

The trust argues that the 1908 right-of-way granted to the railroad (pursuant to the 1875 Act) is like an ordinary easement that has been extinguished.  It reasons as follows.  The 1976 patent issued to the trust's predecessors-in-interest did not reserve to the United States any interest in this easement; it merely provided that the property was subject to the easement for railroad purposes.[1]

---

[1]  The pertinent portions provide:

EXCEPTING AND RESERVING TO THE UNITED STATES from the land granted a right-of-way thereon for ditches or canals constructed by the authority of the United States; and

RESERVING TO the United States, and its assigns, a right-of-way for the existing Platte Access Road No. 512 over and across Tract No. 37 . . . containing 3.30 acres, more or less; and

RESERVING TO the United States, and its assigns, a right-of-way for the existing Dry Park Road No. 517, over and across Tract 37 . . . containing 0.71 acres, more or less.

Provided, that if for a period of five years, the United States, or its assigns, shall cease to use the above roads, or any segment thereof, for the purposes reserved, or if at any time the Regional Forester determines that the roads, or any segment thereof, is no longer needed for the purposes reserved, the easement traversed thereby shall terminate.  In the event of such nonuse or such determination by the Regional Forester, the Regional Forester shall furnish to the patentees or, their heirs or assigns, a statement in recordable form evidencing termination.

- 3 -

Thus, when the railroad administratively abandoned the easement (by notifying the Surface Transportation Board ("STB") on January 15, 2004 that it would exercise its authority to abandon the line), the easement was extinguished and the trust's property was disencumbered. Because the United States lacked any ownership interest (as of October 4, 1988) in the right-of-way, it could not claim through 16 U.S.C. § 1248(c) which generally provides that the United States retains rights in abandoned or forfeited railroad grants. Nor could the United States claim through 43 U.S.C. § 912, which generally provided that the interest in the right-of-way went to the adjacent landowner given abandonment decreed by a court of competent jurisdiction or an Act of Congress. The trust argues that the district court should have quieted title in it, not the United States.

Much of the trust's argument is foreclosed by circuit precedent which we are bound to follow. See United States v. Spedalieri, 910 F.2d 707, 709 n.2, 710 n.3 (10th Cir. 1990). In Marshall v. Chicago & Northwestern Transportation Co., 31 F.3d 1028, 1030–32 (10th Cir. 1994), we held that § 912 applies to grants under the 1875 Act. Relying upon Idaho v. Oregon Short Line R.R., 617 F. Supp. 207 (D. Idaho 1985), we concluded that the United States retained an implied

---

SUBJECT TO those rights for railroad purposes as have been granted to the Laramie Hahn's Peak & Pacific Railway Company, its successors or assigns by permit Cheyenne 04128 under the Act of March 3, 1875, 43 U.S.C. 934–939.

Aplt. App. 92–93.

reversionary interest. Marshall, 31 F.3d at 1032. We subsequently applied § 912 on the issue of whether a railroad had abandoned its right-of-way such that adjacent landowners would take in Phillips Co. v. Denver & Rio Grande Western R.R., 97 F.3d 1375 (10th Cir. 1996). And we have recognized that § 912 was modified by 16 U.S.C. § 1248(c) to provide that, as of October 4, 1988, interests in abandoned railroad rights-of-way generally revert to the United States rather than adjacent landowners. See Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1236 n.9 (10th Cir. 2006); Phillips, 97 F.3d at 1376 n.4. We are unpersuaded by the remainder of the trust's other arguments and efforts to distinguish and limit the obvious contrary precedent. Though we recognize that the Seventh Circuit, the Federal Circuit and the Court of Federal Claims have concluded that the United States did not retain any reversionary interest in these railroad rights-of-way, we are bound by our precedent. See Samuel C. Johnson 1988 Tr. v. Bayfield County, 649 F.3d 799, 803–04 (7th Cir. 2011); Hash v. United States, 403 F.3d 1308, 1317 (Fed. Cir. 2005); Beres v. United States, 64 Fed. Cl. 403, 427–28 (2005). But see Darwin P. Roberts, The Legal History of Federally Granted Railroad Rights-of-Way and the Myth of Congress's "1871 Shift", 82 U. Colo. L. Rev. 85, 150–64 (2011) (criticizing this interpretation). Thus, the district court correctly held that the interest in the abandoned railroad right-of-way belongs to the United States.

    B. Forest Service Road 512

The trust argues that the 1976 patent reserved a certain right-of-way in Road 512 and provided that it would terminate if the United States ceased to use the road or any segment. See supra n.1. The trust argues that it made a conclusive showing that an obliterated segment of the Road 512 easement had not been used for five years and therefore, title should have been quieted in the trust, not the United States. Aplt. Br. 48; Aplt. Reply Br. 25. The trust relies upon the following: (1) the Forest Service published a decision memorandum closing and obliterating a portion of the road and removed the road surface, leveled the area, and planted grass on a smaller portion, and (2) Mr. Brandt declared that, to the best of his knowledge, the Forest Service had not used any part of the easement for five years and took issue with certain statements of Forest Service personnel about some of the claimed use. Aplt. App. 101; Aplee. Supp. App. 1–2. The trust argues that the United States failed to present any evidence that the obliterated portion had been used, and therefore the entire Road 512 easement terminated.

The district court considered the trust's argument that non-use of Road 512 terminated the easements for Roads 512 and 517. Marvin M. Brandt Revocable Trust, 2008 WL 7185272 at *16 & *17–18. That is precisely the argument the trust made in response to the United States' motion for summary judgment. 2:06-cv-00184-ABJ, ECF Doc. 147 at 25–26. In its own motion for summary judgment, the trust argued, consistent with its counterclaim, that non-use of Road 512 terminated the easement for only Road 512. Aplt. App. 72;

2:06-cv-00184-ABJ, ECF Doc. 140 at 22–23.

The district court held that the trust could not create a genuine issue of material fact as to non-use of Road 512 based upon Mr. Brandt's affidavit that the Forest Service did not use the closed portion of Road 512. Marvin M. Brandt Revocable Trust, 2008 WL 7185272 at *17–18. The trust admits that Road 512 has been used as a private road and Mr. Brandt allows the Forest Service, law enforcement, and emergency personnel to enter through a gate at the south end. Aplt. App. 71; Aplee. Supp. App. 2; Aplt. Reply Br. 24–25. Instead, the trust argues that the evidence submitted by the United States, Aplt. App. 151–56, listing over 30 incidents of use simply does not establish that the obliterated segment of Road 512 was used from 1996–2003.

Even assuming that the trust could create a genuine issue of material fact as to use of the obliterated portion of Road 512,[2] we would reject the contention that non-use of part of the road is sufficient to terminate the entire easement, be it Road 512 or Road 517, or both. The meaning of "the easement traversed thereby," which defines what terminates upon non-use, is the operative language. So as to give effect to all of the terms, "the easement traversed thereby" refers

---

[2] We reject the trust's contention that the United States failed to provide any evidence of use of the obliterated portion. See Aplt. App. 151–56; Aplee. Supp. App. 8–11. Such a conclusion would be particularly anomalous given summary judgment standards which require that the evidence be viewed in the light most favorable to the non-movant. Ricci v. DeStefano, 557 U.S. 557, 586 (2009).

back to non-use of "the above roads [Road 512 or 517], or "any segment thereof." The trust's reading essentially eliminates "any segment thereof." Moreover, the language refers to easement in the singular which is completely at odds with the argument the district court considered: that non-use of one of the roads, or a segment thereof, results in termination of both easements, no matter the use being made of each. We note that the trust did not contend (either in its counterclaim or in the briefing) that non-use of a segment of Road 512 results in the termination of the easement in that segment, and we do not address it. See Somerlott v. Cherokee Nation Distribs. Inc., 686 F.3d 1144, 1151–52 (10th Cir. 2012).

AFFIRMED.

Entered for the Court

Per Curiam

09-8047 *United States v. Brandt*

**O'BRIEN**, J. concurring.

I join the Order and Judgment. I write separately for a collateral reason. After oral argument I was designated as author. Recently, because he was concerned with the delay in disposition, Judge Kelly reassigned the case and prepared the Order and Judgment. I am solely responsible for, and deeply regret, all delay in resolving this matter.