**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

J. GALE MOODY,

     Plaintiff - Appellee,

     and

RODNEY L. NELSON,

     Plaintiff-Intervenor/
     Cross-Claimant-Appellee,

v.

THE GREAT WESTERN RAILWAY
COMPANY, a corporation; THE
WESTERN CONSTRUCTION
COMPANY, a Colorado corporation;
GREAT WESTERN TRAIL
AUTHORITY, an intergovernmental
authority; KEITH MCINTYRE, Chair,
Great Western Trail Authority; DOUG
MOORE, Vice Chair, Great Western
Trail Authority; PEGGY JOHNSON,
Secretary, Great Western Trail
Authority; JIM CAMPBELL; TOM
JONES; TIM KREBS; MIKE
KETTERLING; BARBARA
LABARBARA; ALEX RYER, Board
Members, Great Western Trail
Authority; ANY UNKNOWN
PERSON WHO MAY CLAIM ANY
INTEREST IN THE SUBJECT
MATTER OF THIS ACTION,

     Defendants - Appellants.

Nos. 07-1285 and 07-1287

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:07-CV-00427-LTB-MEH)**

Timothy L. Goddard of Hasler, Fonfara & Maxwell, L.L.P., Fort Collins, Colorado, for Plaintiff-Appellee.

Joshua D. McMahon (William Perry Pendley of Mountain States Legal Foundation, on the brief), Lakewood, Colorado, for Plaintiff-Intervenor-Cross-Claimant-Appellee.

Jennifer Lynn Peters (Fred L. Otis of Otis, Coan & Peters, L.L.C., on the briefs), Greeley, Colorado, for Defendants - Appellants.

Andrea C. Ferster, General Counsel of Rails-to-Trails Conservancy, Washington, D.C., for Amicus Curiae.

Before **KELLY** and **TYMKOVICH**, Circuit Judges, and **FRIZZELL**,[*] District Judge.

**KELLY**, Circuit Judge.

Defendants-Appellants Great Western Railway Company, Western Construction Company, Great Western Trail Authority, and various members of the Great Western Trail Authority Board appeal from the district court's order remanding this case to Colorado state court. Because we conclude that we do not have appellate jurisdiction to review the remand order, we dismiss the appeal.

---

[*] The Honorable Gregory K. Frizzell, District Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation.

## Background

Plaintiff-Appellee J. Gale Moody filed a Colorado state-court complaint in June 2003 seeking to quiet title to real property formerly used as a railroad right-of-way. Mr. Moody contended that the railroad had abandoned its right-of-way and that the land had, as a result, reverted to him in fee simple. Great Western Railway answered, claiming a lack of jurisdiction as an affirmative defense. Indeed, the state court could not grant relief on Mr. Moody's theory because Congress has given the Surface Transportation Board (STB) exclusive jurisdiction to determine whether a railroad has abandoned a right-of-way. 49 U.S.C. § 10501(b); see Phillips Co. v. Denver & Rio Grande W. R.R., 97 F.3d 1375, 1377 (10th Cir. 1996). In October 2003, Great Western Railway brought the matter to the STB by filing an Exemption of Abandonment, a procedure which allows for an expedited finding of abandonment of the right of way. See 49 C.F.R. § 1152.50. A few months later, several local municipalities filed a Notice of Interim Trail Use. This procedure permits a state, locality, or private organization to acquire a former railroad right-of-way and turn it into a recreational trail, as provided by the National Trails System Act. 16 U.S.C. § 1247(d). Should the railroad come to an agreement with another party regarding the assumption of financial and managerial responsibility over the former right-of-way, the Notice of Interim Trail Use prevents the abandonment of the right-of-way and the vesting of any reversionary interest. See id.; see also Preseault v.

- 3 -

ICC, 494 U.S. 1, 6-7 (1990). Mr. Moody's state court action was effectively stayed during the pendency of the negotiations between the municipalities and the railroad.

In August 2006, the state court action was revived when Plaintiff-Appellee Rodney Nelson filed a motion to intervene as a plaintiff/cross-claimant and filed a complaint in intervention. Shortly thereafter, Great Western Railway reached an agreement with an organization called the Great Western Trail Authority, effectively preserving the right-of-way as a trail and preventing the abandonment of the right-of-way. In response, Mr. Nelson amended his complaint, adding Great Western Trail Authority and various individuals affiliated with the organization as defendants. In his amended complaint in intervention, Mr. Nelson stated a claim to quiet title and a claim for injunctive relief.

Defendants responded by removing the action to federal court on the basis of federal-question jurisdiction. See 28 U.S.C. § 1331. In support, Defendants asserted that the resolution of Plaintiffs' claims necessarily involved federal law, given the Congressional grant of authority over railroad abandonments to the STB. Days later, Defendants filed a joint motion to dismiss the action that they had removed, based on a lack of subject-matter jurisdiction. Defendants claimed that the statutory language granting the STB exclusive jurisdiction over the determination of abandonment precluded the federal district court from exercising subject-matter jurisdiction over the suit. Plaintiff Nelson conceded that the

- 4 -

federal court had no subject-matter jurisdiction over the determination of abandonment, but filed a motion to remand asserting that there were pending issues of state law. Defendants countered that dismissal, and not remand, was appropriate because any state-law issues were entirely preempted by federal law and the applicable federal law denied the district court jurisdiction over the claims. Defendants also noted that several of the state claims raised by Plaintiff Nelson in the motion to remand were not raised in the complaint.

The district court denied Defendants' motion to dismiss and granted Plaintiff's motion to remand. The district court held that it lacked jurisdiction to decide the federal question on which the Defendants based removal, but that resolution of the question of abandonment would not resolve the state claims raised by Plaintiffs, including (1) whether Great Western Railway had subsurface mineral rights, (2) whether Plaintiffs were entitled to just compensation in the event their reversionary interests were deemed invalid, and (3) whether Plaintiffs obtained title through adverse possession. After observing that the state court may not have jurisdiction to decide some of these claims, the district court granted the motion to remand.

On appeal, Defendants contest the remand and assert that all of the "state law issues" are actually preempted by federal law, and that the STB has exclusive jurisdiction to decide all the claims in this case. Defendants contend that the district court should have dismissed all of Plaintiffs' claims with prejudice.

Discussion

The threshold issue in this case is whether we may review the district court's remand order. Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." This statutory bar, while seemingly broad, has been construed to apply only to remands based on a lack of subject-matter jurisdiction or a timely raised defect in removal procedure, the grounds specified in 28 U.S.C. § 1447(c). Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995) (noting that "§ 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)") (emphasis in original). Thus, remands based on grounds other than defects in removal procedure or a lack of subject-matter jurisdiction are reviewable. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996).

Some of our prior cases suggested that, in making the determination whether § 1447(d) bars review, we could independently review the actual grounds upon which the district court believed it was empowered to remand. See, e.g., Dalrymple v. Grand River Dam Auth., 145 F.3d 1180, 1184 (10th Cir. 1998); Archuleta v. Lacuesta, 131 F.3d 1359, 1362 (10th Cir. 1997). However, the Supreme Court has clarified that the scope of this determination is narrower. When a district court states that it based its remand on a lack of subject-matter jurisdiction, our inquiry is limited to determining whether the basis for the district

court's decision can be "colorably characterized as subject-matter jurisdiction." Powerex Corp. v. Reliant Energy Servs. Inc., 127 S. Ct. 2411, 2418 (2007). This narrower standard applies regardless of whether the district court's decision to remand was based on an erroneous legal conclusion. See Kircher v. Putnam Funds Trust, 547 U.S. 633, 642 (2006) ("[w]here the order is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand") (internal quotations omitted).

Thus, when the district court characterizes its remand as one based on subject-matter jurisdiction, our inquiry is essentially a superficial determination of plausibility. See Powerex, 127 S. Ct. at 2418. If the district court invokes subject-matter jurisdiction as the rationale for remand, and subject-matter jurisdiction was a plausible rationale for that remand, our ability to further review that remand is barred by § 1447(d).

Defendants attempt to avoid this bar by asserting that the district court did not actually remand on the basis of subject-matter jurisdiction, but rather because it found that certain issues would be more appropriately determined by the state court. Aplt. Br. at 9. Plaintiffs, in contrast, assert that the district court remanded based on a lack of subject-matter jurisdiction and that this remand was mandatory, as the district court concluded that it lacked jurisdiction over the federal question on which removal was based. Aplee. Br. at 5, 13.

We conclude that the district court purported to remand based on subject-

matter jurisdiction. Defendants removed the case, contending that the reversionary interests claimed by Nelson in his amended complaint required a determination regarding the abandonment of the right-of-way, which presented a federal question. Aplt. App. at 91. Thereafter, Defendants sought dismissal of the case pursuant to Fed R. Civ. P. 12(b)(1), claiming that the district court had no subject-matter jurisdiction based on 49 U.S.C. § 10501(b), which establishes that the STB has exclusive jurisdiction over the "operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities."[1] Aplt. App. at 111, 118. Citing 28 U.S.C. § 1447(c), the district court concluded, based on the submissions of Defendants, that the court did not have jurisdiction to determine the abandonment issue–the federal question on which Defendants based removal of the case. Id. at 199. As a result, the district court chose to remand the case based on its conclusion that there were issues of state law unrelated to the question of abandonment. Id. at 200. The district court never suggested that its remand had any other basis. The only rationale given by the district court was its conclusion that the statutory scheme denied the court subject-matter jurisdiction over the claim on which removal was based. Id. at 199.

As the district court apparently remanded based on what it perceived as a

---

[1] Defendants claim that their motion was based on lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Aplt. Br. 15. The motion to dismiss never actually cites Rule 12(b)(6), however, and it appears that the motion was predicated largely, if not exclusively, on a lack of subject-matter jurisdiction. Aplt. App. at 117, 121.

- 8 -

lack of subject-matter jurisdiction, our limited inquiry under <u>Powerex</u> and <u>Kircher</u> is whether subject-matter jurisdiction was a colorable rationale for remand.  As in <u>Powerex</u>, the only plausible reason for the district court's remand was its conclusion that the statutory language of 49 U.S.C. § 10501(b) denied the court subject-matter jurisdiction over the federal question on which removal was based.  While this determination may have been legally erroneous, "[w]here the order is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand," <u>Kircher</u>, 547 U.S. at 642 (internal quotations omitted).[2]  As the remand can thus be colorably characterized as based on subject-matter jurisdiction, we have no jurisdiction over this appeal.

Defendants attempt to circumvent the limitations on our jurisdiction posed by § 1447(d) by asserting that the district court's order is reviewable under the collateral-order doctrine.  Aplt. Br. at 3.  They contend that the district court

---

[2]  Defendants contend on appeal that the district court actually had subject-matter jurisdiction over the case because Plaintiffs' right to relief depended upon the resolution of a substantial question of federal law and because any state claims were preempted by federal law.  Aplt. Br. at 2.  We need not address whether the district court actually had subject-matter jurisdiction over the action, however, as <u>Kircher</u> and <u>Powerex</u> preclude our review regardless of whether the legal conclusion on which the district court predicated its remand order was correct.  See <u>Powerex</u>, 127 S. Ct. at 2420 (noting that the immunization of legally erroneous remands may have undesirable consequences, but finding that the determination of whether any undesirable consequences are outweighed by "1447(d)'s general interest in avoiding prolonged litigation on threshold nonmerits questions" is a policy question for Congress and not for the Court).

made three key rulings that together make up the appealable collateral order: "(1) that the claims for adverse possession were not preempted by federal law and could be heard in state court, (2) that issues raised in the briefing on the Joint Motion to Dismiss relating to just compensation were appropriate for state court determination, and (3) that issues raised in the briefing on the Joint Motion to Dismiss relating to mineral rights were also appropriate for state court determination." Aplt. Br. at 4.[3]

The collateral-order doctrine permits appellate review of "a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action." Will v. Hallock, 546 U.S. 345, 349 (2006) (internal quotations omitted). To appeal a nonfinal order based on the collateral-order doctrine, the order must "[1] conclusively

_____

[3] In their reply brief, Defendants recharacterize their argument regarding what constitutes the appealable collateral order and claim that the district court's denial of the motion to dismiss constitutes a collateral order. This argument was not properly raised and is therefore waived. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007). Regardless, it is meritless. An order denying a motion to dismiss that accompanies a remand order is not reviewable as an order separate from the remand order, unlike an order granting a motion to dismiss which in certain circumstances is reviewable separately from the remand order. See Kromer v. McNabb, 308 F.2d 863, 865 (10th Cir. 1962) (determining that an appellate court may not review an order denying a motion to dismiss separately from an accompanying order to remand because the order to remand takes precedence and the case should be remitted intact); cf. Kircher, 547 U.S. at 644 n.13 (noting that an appellate court may review an order granting dismissal that accompanies a remand order, where the order of dismissal precedes the remand order and reversal of the dismissal would not affect the remand order and would remit the case intact to state court).

determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (internal quotations omitted). The collateral-order doctrine does not apply where review of the order is barred by § 1447(d). See Quackenbush, 517 U.S. at 711-12.

Defendants attempt to fashion a reviewable collateral order by aggregating several statements made about the state-law claims by the district court. See Aplt. Br. at 4. This line of argument misses the forest for the trees. Such an approach ignores the statutory strictures of § 1447(d) by permitting review of the remand order in substance if not in name. The collateral-order doctrine only permits review where the bar posed by § 1447(d) does not apply, and does not provide an independent basis for review. See Quackenbush, 517 U.S. at 711-12. As such, the collateral-order doctrine cannot apply.[4]

---

[4] Even assuming the collateral-order doctrine permitted review, the district court's "order" does not meet the three-part test for the application of the doctrine. First and foremost, none of the "rulings" are actually that. The district court did not specifically rule that the claims for adverse possession were not preempted by federal law, nor that issues regarding just compensation and mineral rights were appropriate for state-court determination. Rather, it noted that the applicable federal law does not address certain private property rights raised by Plaintiffs. Aplt. App. at 200. Moreover, the district court pointed out that the state court very well may not have jurisdiction to decide the remanded claims. Aplt. App. at 200. Second, all three issues appear to be intricately intertwined with the merits of the case. Third, even assuming that the district court made these "rulings," it does not appear that the state court accepted them as such, and the state court, during the pendency of this appeal, independently ruled on the

Defendants additionally contend that the exception to the bar on appellate review of remand orders developed by the Supreme Court in Thermtron Prods. v. Hermansdorfer, 423 U.S. 336, 345-46 (1976), permits review of the district court's remand order. Aplt. Br. at 8. In Thermtron, the Supreme Court concluded that a district court's remand order was reviewable where it was nominally based on lack of subject-matter jurisdiction but was primarily based on the district court's finding that its crowded docket would preclude proper relief to the plaintiff. Id. at 343-44. The Supreme Court reasoned that, in remanding on such an unrelated factor, the district court had exceeded its authority and that cloaking such a decision in jurisdictional clothing would not insulate it from review. See id. at 351. Likewise, Defendants assert that in remanding because there were issues of state law, the district court remanded for reasons other than those set forth in 28 U.S.C. § 1447(c). They assert that the district court did not find that it lacked jurisdiction, but rather declined to exercise federal jurisdiction over the remanded claims based on its finding that these issues were more appropriately decided by the state court. Aplt. Br. at 8-9; Aplt. Reply Br. at 4.

The Thermtron scenario is quite extreme, and in Powerex the Supreme Court raised the possibility that Thermtron no longer continues to be good law. Powerex, 127 S. Ct. at 2418 (noting that "[t]o decide the present case, we need

applicable law. Indeed, we have been provided with the state district court's order finding that it lacked subject-matter jurisdiction over several of Plaintiffs' claims. See Supp. Auth. (Rule 28(j) letter) dated April 3, 2008.

- 12 -

not pass on whether § 1447(d) permits appellate review of a district-court remand order that dresses in jurisdictional clothing a patently nonjurisdictional ground"). Even assuming the Thermtron basis for review of a remand order continues to exist, however, this particular remand order does not appear to fit into the Thermtron exception.  Contrary to Defendants' contention, the district court specifically cited a lack of subject-matter jurisdiction over the purported federal question as its rationale for remand.  The district court noted that, "[a]s courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. . . .Further, when a federal district court lacks subject-matter jurisdiction over a dispute that has been removed from state court, the case shall be remanded."  Aplt. App. at 199.  The district court further noted, after citing language from § 10501(b), that "it is apparent . . . that this Court does not have jurisdiction to determine the federal question on which Defendants based their removal of this case."  Id.  Thus, the district court clearly stated that it based its remand on its belief that it had no subject-matter jurisdiction over the purported federal question that was the basis for removal.  It chose to remand, rather than dismiss, based on its finding that there were various state-law claims.  The district court also stated that "[i]t may well be that there are issues in this case that the Weld County District Court does not have the jurisdiction to decide.  It is for that court, however, to determine if that is the case and how this litigation should proceed."  Aplt. App. at 200.

Rather than refusing to exercise federal-question jurisdiction, as suggested by Defendants, this appears to be a recognition that the state court, like the federal court, may not have the jurisdiction to decide certain issues because of the "exclusive jurisdiction" language of the statute. Thus, Thermtron does not permit review of the court's remand order.

Finally, Defendants seem to imply that the district court's decision can be characterized as a discretionary remand based on a refusal to exercise supplemental jurisdiction, under Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988). Aplt. Br. at 9, 43. The Supreme Court specifically addressed this same argument in Powerex, noting that "[i]t is far from clear . . . that when discretionary supplemental jurisdiction is declined the remand is not based on lack of subject-matter jurisdiction for purposes of § 1447(c) and § 1447(d)." 127 S. Ct. at 2418-19; see also HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., 508 F.3d 659, 666-67 (Fed. Cir. 2007) (remand because district court declines to exercise supplemental jurisdiction is not reviewable in light of Powerex). The Powerex Court also noted that such grounds were implausible in that case as the district court had never mentioned the possibility of supplemental jurisdiction, and the petitioner had never argued that the district court had supplemental jurisdiction over any state-law claims. 127 S. Ct. at at 2419. The present case is analogous: the district court never mentioned supplemental jurisdiction, and it does not appear that either party ever asserted that the district court had

- 14 -

supplemental jurisdiction.  Declining supplemental jurisdiction was thus not the basis for this remand.

The district court stated it was remanding based on lack of subject-matter jurisdiction and this was the only plausible rationale for its remand.  As such, § 1447(d) precludes review.  Accordingly, the appeal is

DISMISSED.