FILED
United States Court of Appeals
Tenth Circuit

December 27, 2012

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DONNA J. HILL; YOLANDA
CHACON-VALLE, on Behalf of the New
Mexico Educational Retirement Fund and
its Members and Beneficiaries, or
Alternatively on Behalf of Themselves
and All Others Similarly Situated,

     Plaintiffs–Appellants,

v.

VANDERBILT CAPITAL ADVISORS,
LLC; BRUCE MALOTT; GARY
BLAND; VERONICA GARCIA;
DOUGLAS M. BROWN; PATRICK
LIVNEY; THE NEW MEXICO
EDUCATIONAL RETIREMENT FUND,

     Defendants–Appellees,

and

ALDUS EQUITY; JOHN DOE #1; JOHN
DOE #2; DOES 3-100, inclusive; SAUL
MEYER; VANDERBILT FINANCIAL,
LLC; VANDERBILT FINANCIAL
TRUST; PIONEER INVESTMENT
MANAGEMENT, U.S.A.; OSBERT M.
HOOD; STEPHEN C. BERNHARDT;
KURT W. FLORIAN, JR.; ANTHONY J.
KOENIG, JR.; MARK E. BRADLEY;
RON D. KESSINGER; ROBERT P.

No.  11-2213

NAULT; JAMES R. STERN; NEW
ENGLAND PENSION CONSULTANTS,
LLC,

        Defendants.

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 6:10-CV-00133-JB-KBM)**

_____

Jonathan W. Cuneo, Cuneo Gilbert & LaDuca, LLP, Washington, D.C. (Gordon H.
Rowe, III, The Rowe Law Firm, P.C., Albuquerque, New Mexico; Shane Youtz, Youtz &
Valdez, P.C., Albuquerque, New Mexico; Matthew E. Miller, Matthew Lee Wiener, and
Brendan S. Thompson, Cuneo Gilbert & LaDuca, LLP, Washington, D.C.; and Richard
D. Greenfield, Greenfield & Goodman LLC, New York, New York, with him on the
briefs), for Plaintiffs-Appellants.

Ellen S. Casey, Hinkle, Hensley, Shanor & Martin, LLP, Santa Fe, New Mexico (Richard
J. Shane, Riley, Shane & Keller, P.A., Albuquerque, New Mexico; Stephen S. Hamilton,
Montgomery & Andrews, P.A., Santa Fe, New Mexico; Jaclyn M. McLean, Hinkle,
Hensley, Shanor & Martin, LLP, Santa Fe, New Mexico; Martin R. Esquivel, Basham &
Basham, P.C., Santa Fe, New Mexico with her on the brief), for Defendants-Appellees
Brown, Garcia, Bland, and Malott.

Peter L. Simmons, Fried, Frank, Harris, Shriver & Jacobson LLP, New York, New York
(Andrew G. Schultz, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New
Mexico; William C. Madison, Madison & Mroz, P.A., Albuquerque, New Mexico; and
Peter A. Silverman, Figliulo & Silverman, P.C., Chicago, Illinois, with him on the brief),
for Defendants-Appellees Livney and Vanderbilt Capital Advisors.

_____

Before **LUCERO** and **HOLMES**, Circuit Judges, and **BRIMMER**,[*] District Judge.

_____

[*] Honorable Philip A. Brimmer, U.S. District Judge, District of Colorado, sitting
by designation.

**LUCERO**, Circuit Judge.

Plaintiffs seek to appeal an order remanding this suit to New Mexico state court. They originally filed an action against Vanderbilt Capital Advisors, LLC, two of its operatives, and several New Mexico state officials in New Mexico state court. Plaintiffs allege that state investment decisions were made under a corrupt "pay to play" system benefitting politically connected individuals at the expense of public pensioners. The suit was removed to federal court. However, the district court remanded the entire case back to state court, concluding that it lacked subject matter jurisdiction because Plaintiffs did not have standing to sue. Under 28 U.S.C. § 1447(d), this court may not review a remand order explicitly resting on lack of subject matter jurisdiction so long as that jurisdictional characterization is colorable. See Powerex Corp. v. Reliant Energy Servs., 551 U.S. 224, 234 (2007). Because we conclude that standing can be colorably characterized as an issue of subject matter jurisdiction, we dismiss.

**I**

We draw the following facts from the complaint.[1] Plaintiffs are members of the New Mexico Education Retirement Fund (the "Fund"), a public pension plan established under New Mexico law to provide retirement benefits to state education employees. The

---

[1] Because the Fed. R. Civ. P. 12(b)(1) motion granted by the district court advanced a facial attack on the complaint rather than seeking to raise facts outside the pleadings, we accept as true all well-pled factual allegations contained in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

New Mexico Constitution requires that money for employees be held "[i]n a trust fund to be administered and invested . . . for the sole and exclusive benefit of the members, retirees, and other beneficiaries." N.M. Const. art. XX, § 22(A). The Fund holds approximately $8.5 billion in assets. It is managed by the Educational Retirement Board ("ERB"), which acts as trustee of the Fund.

In early 2006, Vanderbilt designed a trust offering composed of certain high-risk collateralized debt obligations. It hired Marc Correra as a "placement agent" to pitch the investment to the ERB and other state entities. Plaintiffs allege that Correra was hired because of his political connections as part of a "pay to play" scheme under which state entities were steered toward risky investments in exchange for political support from investment companies.

The ERB Investment Committee met to consider the Vanderbilt investment on May 12, 2006. Immediately thereafter, the ERB voted four to two in favor of investing $40 million in the Vanderbilt trust. Plaintiffs allege that all four members who voted in favor—each of whom is a named defendant—had "political ties to the Governor." They further claim that the May 12 meeting was plagued by procedural irregularities and misrepresentations on the part of Vanderbilt. The Fund's $40 million investment ultimately proved worthless. Other than two small dividend payments, the investment generated no income and the Fund's $40 million principal investment was completely lost.

Plaintiffs initially filed suit in New Mexico state court, asserting numerous

-4-

common law claims. They sought to certify a class of similarly situated individuals, or in the alternative, to press their claims derivatively on behalf of the Fund. The action was removed to federal court. In an amended complaint, Plaintiffs added claims under 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule 10B-5, over which federal courts possess exclusive jurisdiction, see 15 U.S.C. § 78aa, and under the New Mexico Uniform Securities Act, N.M. Stat. § 58-13C-509.

Various defendants filed motions to dismiss. The district court granted a Fed. R. Civ. P. 12(b)(1) motion, concluding that Plaintiffs lack standing. Analogizing to ERISA case law, the court held that in order to establish standing, a defined-benefit beneficiary must allege facts suggesting that the defendants' misconduct created an appreciable risk that a fund would be unable to satisfy its defined-benefit obligations. Characterizing lack of standing as depriving the court of subject matter jurisdiction, the court remanded the entire case to the New Mexico state court from which it was removed pursuant to 28 U.S.C. § 1447(c). Plaintiffs timely appealed.

## II

Vanderbilt filed a motion to dismiss in this court, arguing that we lack appellate jurisdiction. Although it later withdrew that motion, "we have an independent duty to examine our own jurisdiction." Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1274 (10th Cir. 2001) (citation omitted).

The jurisdiction of this court is circumscribed by 28 U.S.C. § 1447, which governs cases removed from state court. In such cases, "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The statute prohibits appellate review of such remand orders: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." § 1447(d).[2] We have held that § 1447(d) must be interpreted in pari materia with § 1447(c), and thus "only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Moody v. Great W. Ry., 536 F.3d 1158, 1162 (10th Cir. 2008) (quoting Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995)).

Accordingly, we must look to the basis of the district court's remand to determine whether we possess appellate jurisdiction. If the district court based its remand on a lack of subject matter jurisdiction, its order is "not reviewable on appeal or otherwise." § 1447(d). The district court concluded that Plaintiffs lack standing. In its Memorandum Opinion and Order, the court repeatedly characterized its standing ruling as depriving it of subject matter jurisdiction, concluding that it must "remand the case to New Mexico state court for lack of subject-matter jurisdiction." Similarly, the judgment entered below states that "[t]he Court, having found that it lacks subject matter jurisdiction in this matter, will remand this case, and all of its claims, to the First Judicial District, Santa Fe County, State of New Mexico."

---

[2] The statute contains an exception for cases removed pursuant to 28 U.S.C. §§ 1442 or 1443. See § 1447(d). However, it is undisputed that this exception does not apply in this case.

Plaintiffs argue that despite the district court's characterization, standing and subject matter jurisdiction are distinct issues. They cite Rent Stabilization Ass'n of New York v. Dinkins, 5 F.3d 591 (2d Cir. 1993), in which the court distinguished between the two concepts:

> [S]tanding and subject matter jurisdiction are separate questions. While standing, which is an issue of justiciability, addresses the question whether a federal court may grant relief to a party in the plaintiff's position, subject matter jurisdiction addresses the question whether a federal court may grant relief to any plaintiff given the claim asserted. Thus, although both subject matter jurisdiction and standing (as well as other questions of justiciability) act to limit the power of federal courts to entertain claims, that is, act to limit the courts' "jurisdiction" in the broadest sense of the term, the two must be treated distinctly.

Id. at 594 n.2 (citations omitted). But see Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 n.6 (2d Cir. 2006) ("Although lack of Article III standing and subject matter jurisdiction are distinct concepts, Article III standing remains, as we have noted, a limitation on the authority of a federal court to exercise jurisdiction." (citing Rent Stabilization Ass'n, 5 F.3d at 594 & n.2)).

Plaintiffs also cite several cases in which courts have considered standing and subject matter jurisdiction separately. See, e.g., Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 99 n.4 (1991) ("As the case comes to us, however, the sole issue is whether a suit by a union member alleging a violation of a contract between two unions is within the subject-matter jurisdiction conferred by § 301. Petitioner's standing to bring the suit is not disputed before this Court."); Moms Against Mercury v. FDA, 483 F.3d 824, 826 (D.C. Cir. 2007) ("Where both standing and subject matter jurisdiction are at

issue, however, a court may inquire into either and, finding it lacking, dismiss the matter without reaching the other.").

As Plaintiffs acknowledge, however, our review of the district court's rationale is quite limited. We recognize that "that the word 'jurisdiction' has been used by courts . . . to convey many, too many, meanings." Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region, 130 S. Ct. 584, 596 (2009) (quotation omitted). And we are mindful of the Supreme Court's admonition "against profligate use of the term." Id. But this factor cannot expand our limited review of the district court's characterization of the basis for its remand order. Although "[s]ome of our prior cases suggested that . . . we could independently review the actual grounds upon which the district court believed it was empowered to remand . . ., the Supreme Court has clarified that the scope of this determination is narrower." Moody, 536 F.3d at 1163. If the district court stated that its remand was based on a lack of subject matter jurisdiction and that basis "is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." Powerex Corp., 551 U.S. at 234. The Court explained that "[l]engthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d)." Id. And because "the line between misclassifying a ground as subject-matter jurisdiction and misapplying a proper ground of subject-matter jurisdiction is sometimes elusively thin," appellate courts must dismiss unless a district court "dresses in jurisdictional clothing a patently nonjurisdictional ground." Id.

-8-

Because the district court explicitly stated that its remand was based on a lack of subject matter jurisdiction, the only question for this court is whether that characterization is "colorabl[e]." Id. We conclude that it is. As we held in Moody, "our inquiry is essentially a superficial determination of plausibility." 536 F.3d at 1163. Under this highly deferential standard, we must dismiss.

Our court has repeatedly characterized standing as an element of subject matter jurisdiction. See, e.g., Nova Health Sys. v. Gandy, 416 F.3d 1149, 1155 (10th Cir. 2005) ("As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint." (quotation omitted)); Schutz v. Thorne, 415 F.3d 1128, 1132 (10th Cir. 2005) (stating that de novo review applies to "questions of subject matter jurisdiction, including whether a plaintiff has standing to sue"). Further, at least one of our sibling circuits has held that it lacks jurisdiction over remand orders based on lack of standing. In Roberts v. BJC Health System, 452 F.3d 737 (8th Cir. 2006), the Eighth Circuit concluded that "if a plaintiff lacks standing, the district court has no subject matter jurisdiction" and thus an order remanding a case for lack of standing is non-reviewable. Id. at 738-39 (quotation omitted). The Seventh Circuit has held the same in an unpublished decision. See Dempsey v. JP Morgan Chase Bank, N.A., 272 F. App'x 499, 503-04 (7th Cir. 2008) ("[W]e do not have jurisdiction to review a district court order remanding a claim for lack of subject-matter jurisdiction back to the state court from which it was removed. Because standing is a jurisdictional prerequisite, the district court's dismissal for lack of standing falls within § 1447(d).").

-9-

Numerous other courts have considered the flip side of this issue: whether a district court's conclusion that a plaintiff lacks standing in a removed case requires the court to remand rather than dismiss.[3] These courts have uniformly answered in the affirmative. See Coyne ex rel. Ohio v. Am. Tobacco Co., 183 F.3d 488, 496 (6th Cir. 1999) ("[W]e find that Plaintiffs do not have standing to bring this action . . . . Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court from which it was removed [pursuant to § 1447(c)]."); Wheeler v. Travelers Ins. Co., 22 F.3d 534, 540 (3d Cir. 1994) ("Our conclusion does not require us to dismiss the case, for a determination that there is no standing does not extinguish a removed state court case. Rather, federal law only requires us to remand . . . to state court [pursuant to § 1447(c)]." (quotations and alterations omitted)); Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs., 876 F.2d 1051, 1053-54 (1st Cir. 1989) ("The district court determined that [plaintiff] did not fulfill the minimal, constitutional requirements for standing . . . . This is a determination that the district court lacked subject matter jurisdiction. Hence, the literal words of [§ 1447(c)] . . . require the court to remand the case."). We took the same position in an unpublished case. See Jepsen v. Texaco, Inc., 1995 U.S. App. LEXIS 28809, at *7 (10th Cir. 1995) (unpublished) ("Lack of standing divests the court of subject matter

_____

[3] Because § 1447(d) applies to remand orders entered under § 1447(c), see Moody, 536 F.3d at 1162, a conclusion that § 1447(c) applies necessarily means that an appeal would be barred by § 1447(d).

-10-

jurisdiction, and therefore, upon determining that [plaintiff] lacked standing to bring his suit, the court should have remanded the matter to state court pursuant to [§] 1447(c).").

Given this weight of authority, we are compelled to conclude that a dismissal for lack of standing can be at least colorably characterized as a dismissal for lack of subject matter jurisdiction. Vanderbilt argues that we possess jurisdiction, however, because of a procedural quirk in this case. Plaintiffs' federal securities claim, which was added after the case was removed to federal court, is subject to exclusive federal jurisdiction. See 15 U.S.C. § 78aa. Because the state court cannot hear that claim, Vanderbilt contends that outright dismissal rather than remand was the proper course. It cites Bell v. City of Kellogg, 922 F.2d 1418 (9th Cir. 1991), in which the Ninth Circuit suggested that courts could dismiss an action rather than remand to state court if "there is absolute certainty that remand would prove futile." Id. at 1425 (quotation omitted).

The Supreme Court suggested shortly after Bell was decided that § 1447(c) mandates remand without a futility exception: "[T]he literal words of § 1447(c), . . . on their face, give no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case shall be remanded." Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89 (1991) (quotations and ellipses omitted). Following this suggestion, our court has held that "[t]he plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 557-58 (10th Cir. 2000)

-11-

(quotation omitted).  Other circuits agree that remand under § 1447(c) is mandatory.  See Coyne, 183 F.3d at 496; Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999); Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 48-49 (4th Cir. 1996); Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot., 23 F.3d 1134, 1140 (7th Cir. 1994); see also Barbara v. New York Stock Exch., 99 F.3d 49, 56 n.4 (2d Cir. 1996) (noting but declining to decide the issue).

Regardless of the propriety of a futility exception, however, Vanderbilt's contention goes to the correctness of the district court's remand rather than to the jurisdiction of this court.  Even if the district court erred in remanding federal claims to a court that cannot hear them, "[w]here the order is based on one of the [grounds enumerated in § 1447(c)], review is unavailable no matter how plain the legal error in ordering the remand."  Kircher v. Putnam Funds Trust, 547 U.S. 633, 642 (2006) (quotation omitted); see also Kennedy v. Lubar, 273 F.3d 1293, 1297 (10th Cir. 2001) ("If a district court orders remand on either of these grounds, § 1447(d) absolutely prohibits appellate review of the order, and we adhere firmly to this prohibition even where we believe that the district court was plainly incorrect.").  Although the federal securities claim was added post-removal, the district court remanded "this case, and all of its claims" to state court.  In light of the unambiguous remand of the federal securities claim, the propriety of the district court's remand is simply not before us no matter the difficulty of Plaintiffs' position.  We have "no authority to create equitable exceptions to

-12-

jurisdictional requirements." Bowles v. Russell, 551 U.S. 205, 214 (2007). Our determination that the district court's dismissal for lack of standing is at least colorably a dismissal for lack of subject matter jurisdiction ends the inquiry.

Finally, Plaintiffs argue that we may exercise jurisdiction over this appeal notwithstanding § 1447(d) under City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140 (1934). In Waco, the Court held that a federal appeals court may, under certain circumstances, review an order dismissing some claims even if the district court remanded other claims to a state court in the same decree. Id. at 143. The Supreme Court has clarified, however, that "Waco does not permit an appeal when there is no order separate from the unreviewable remand order." Powerex Corp., 551 U.S. at 236; see also Waco, 293 U.S. at 143 ("True, no appeal lies from the order of remand; but in logic and in fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the cause.").

The Waco exception does not permit review of a remand order; it merely allows a party to appeal an order dismissing certain claims even if that order is accompanied by a remand of other claims. See Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000) ("Federal appeals courts have consistently held, however, that they have jurisdiction to review a district court order dismissing federal claims on the merits where the district court subsequently exercised its discretion under § 1367 to remand supplemental state law claims to state court."); see also Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1286 (11th Cir. 1999) ("The Waco

-13-

doctrine allows us to review district court orders that lead to, but are separate from, orders of remand and have a conclusive effect upon the ensuing state court action."). Because we are not presented with the dismissal of any claims, the Waco exception does not apply.

## III

For the foregoing reasons, this appeal is **DISMISSED** for lack of jurisdiction.