FILED
United States Court of Appeals
Tenth Circuit

March 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK J. MALLOY, III, Bankruptcy
Trustee for the Bankruptcy Estate of
George David Gordon, Jr.,

Plaintiff - Appellee,

v.

COMMERCE BANK, N.A.;
BRUCE C. HUMPHREY,

Defendants - Appellants.

No. 13-5065
(D.C. No. 4:13-CV-00059-JHP-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). This is a case in point.

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Patrick J. Malloy, III, trustee for the bankruptcy estate of George David Gordon, Jr., filed suit in Oklahoma state court against Commerce Bank, N.A. and Bruce C. Humphrey, one of the bank's officers. The suit alleged that Defendants were liable for facilitating Mr. Gordon's stock schemes, for which he was criminally convicted, and for sharing in his profits. It asserted claims for (1) aiding and abetting violations of Oklahoma securities laws, (2) civil conspiracy to commit fraud, (3) aiding and abetting breach of fiduciary duty, (4) negligent supervision of Mr. Humphrey by Commerce Bank, and (5) fraudulent-transfer violations under federal and Oklahoma law.

Defendants removed the suit to federal court, claiming federal jurisdiction under (1) the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 78bb(f); (2) the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332 and 1453; (3) federal-question jurisdiction, 28 U.S.C. §§ 1441 and 1331, because the claims concerned bankruptcy and banking law; and (4) 28 U.S.C. §§ 1452(a) and 1334(b), because the fraudulent-transfer claim arose in a bankruptcy case.

Mr. Malloy moved to remand, asserting that (1) the district court lacked subject-matter jurisdiction over the SLUSA and CAFA claims; (2) his first four claims did not arise under federal law or in a bankruptcy case and therefore were subject to mandatory abstention under 28 U.S.C. § 1334(c)(2); (3) his fifth claim for fraudulent transfer arose in part under bankruptcy law, but 28 U.S.C. § 1334(c)(1) gave the district court discretion to abstain from hearing the claim and the court

should exercise that discretion since the other four claims were subject to mandatory abstention; and (4) equitable considerations favored remand of all claims under 28 U.S.C. § 1452(b).

In response, Defendants argued that the case was properly removed (1) because the federal court had jurisdiction under the SLUSA, the CAFA, and federal-question jurisdiction; (2) because mandatory, discretionary, and equitable abstention were not required or appropriate in light of the three independent grounds for federal jurisdiction and because the case was intertwined with Mr. Gordon's bankruptcy and federal criminal-forfeiture proceedings; and (3) because the fraudulent-transfer claim arose in bankruptcy and was intertwined with the other claims.

Mr. Malloy filed a reply, reiterating his previous contentions. In a minute order the district court granted Mr. Malloy's motion to remand "for the reasons set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion to Remand and in Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand." Aplt. App. at 284 (citations to docket numbers omitted).

Because the reviewability of a remand order may depend on the ground for the remand, we consider in turn the grounds relied on by Mr. Malloy (which were adopted by the district court). First, the district court remanded under § 1447(c) for lack of subject-matter jurisdiction. Section 1447(d) precludes our review of a remand on that ground as long as "the basis for the district court's decision can be

- 3 -

colorably characterized as subject-matter jurisdiction." *Moody v. Great W. Ry.*, 536 F.3d 1158, 1163 (10th Cir. 2008) (internal quotation marks omitted); *see Things Remembered*, 516 U.S. at 129 (recognizing applicability of § 1447(d) when bankruptcy case is remanded to state court for lack of subject-matter jurisdiction). Second, to the extent that the court abstained under §§ 1334(c)(1) or (2) from considering claims related to a bankruptcy case, our review of the abstention is precluded by § 1334(d); and to the extent that the court remanded bankruptcy-related claims on equitable grounds under § 1452(b), that section also prohibits appellate review of the remand. *See Allied Signal Recovery Trust v. Allied Signal Inc.*, 298 F.3d 263, 269 (3d Cir. 2002) (discussing §§ 1334(c) and (d) and 1452(b) and noting congressional intent that remand in bankruptcy cases be barred from review). Thus, in light of the grounds for remand relied on by the district court, we have no jurisdiction to review the remand.

Defendants argue, however, that *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005), supports their position that remand was reviewable. *Grable* sets forth a framework for determining when "federal-question jurisdiction will lie over state-law claims that implicate significant federal interests." *Id*. at 312. In that context a court needs to ask: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Id*.

at 314. Defendants assert that the final consideration, balancing federal and state responsibilities, sets forth an abstention doctrine, and that remand based on such abstention is reviewable under *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 711-12 (1996). The flaw in this argument is that no issue of a *Grable* balancing between federal and state responsibilities was implicated in the remand order. The district court expressly based remand on Mr. Malloy's initial and reply memoranda in support of his motion for remand; but his initial memorandum did not even cite *Grable*, and his reply addressed *Grable* only to say that his claims did not "necessarily raise" an issue of federal law and never presented an argument concerning a federal/state balance.

We therefore conclude that we lack jurisdiction to review Defendants' appeal from the district court's remand order. We dismiss this appeal.

Entered for the Court


Harris L Hartz
Circuit Judge