**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WESTERN INSURANCE COMPANY,

    Plaintiff - Appellee,

v.

A AND H INSURANCE, INC., a
Nevada corporation; A AND H
MANAGEMENT, INC., a Nevada
corporation; WESTERN THRIFT &
LOAN, a Nevada corporation; DICK
LAVELLE ROTTMAN; JEAN MARIE
ROTTMAN; JANICE LYNN
BOWMAN; RICHARD SCOTT
ROTTMAN; BRADLEY ALAN
PEARCE; CAROL BETH INGALLS;
THOMAS EDWARD GEISSLER;
DOUGLAS WAYNE CARSBURG,

    Defendants - Appellants,

and

DONALD WARREN WINNE,

    Defendant.

No. 14-4065

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:13-CV-01064-RJS)**
_____

Brent D. Wride, (Michael R. Johnson with him on the briefs), of Ray Quinney &
Nebeker, P.C., Salt Lake City, Utah, for Defendants-Appellants.

Scott M. Lilja, (Gerald H. Suniville and Mary Jane E. Galvin-Wagg, with him on the briefs), of Van Cott, Bagley, Cornwall & McCarthy, P.C., Salt Lake City, Utah, for Plaintiff-Appellee.

_____

Before **BRISCOE**, Chief Judge, **EBEL** and **TYMKOVICH**, Circuit Judges.

_____

**BRISCOE**, Chief Judge,

_____

This is an appeal from an order remanding an ancillary proceeding to state court. Western Insurance is insolvent and is being liquidated in Utah state court pursuant to the Utah Insurer Receivership Act. As a part of that liquidation, the Liquidator[1] brought an ancillary proceeding against several of Western's "affiliates" to recover funds Western had transferred to them. The Defendants[2] removed the ancillary proceeding to federal district court pursuant to the court's diversity jurisdiction. The Liquidator responded by seeking a remand, which the district court granted.

Concluding that we lack appellate jurisdiction pursuant to 28 U.S.C. § 1447(d), we dismiss the appeal.

# I

Insolvent insurers are exempt from federal bankruptcy protection. See 11 U.S.C. § 109(b)(2)-(3). As a result, states have their own laws and processes

---

[1] "Liquidator" refers to the Special Deputy Liquidator appointed by the Utah Insurance Commissioner to conduct the liquidation of Western Insurance.

[2] There are several defendants in this case. For convenience, this opinion refers to them collectively as the "Defendants."

2

for winding down insolvent insurers. In Utah, this process is governed by the Utah Insurer Receivership Act. See Utah Code § 31A-27a-101 et seq. (2007). When a Utah insurer is liquidated under the Receivership Act, Utah appoints a liquidator who is responsible for guiding the insurer through liquidation. See Utah Code § 31A-27a-401, 405. Included among the liquidator's responsibilities is the recovery of assets "in the possession of another person [which] are rightfully the property of the estate." Utah Code § 31A-27a-501(1)(a). These include certain assets transferred to "affiliates" of the insurer "at any time during the five years preceding the filing date of the delinquency proceedings." Utah Code § 31A-27a-502(1)(a).

Seeking to recover claimed assets of the estate, the Liquidator filed the present ancillary proceeding in the same state court where Western Insurance's liquidation is pending. When filed initially, federal diversity jurisdiction would not have existed, as two of the defendants were residents of Utah. However, these defendants settled with the Liquidator and were voluntarily dismissed. The remaining Defendants then removed the ancillary proceeding to federal court, where the Liquidator moved for remand.

The Liquidator's memorandum in support of remand urged the district court to abstain from hearing the case under Burford v. Sun Oil Co., 319 U.S. 315 (1943). The Burford abstention doctrine counsels that:

> [w]here timely and adequate state-court review is available, a federal
> court sitting in equity must decline to interfere with the proceedings
> or orders of state administrative agencies: (1) when there are difficult

3

> questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans (NOPSI), 491 U.S. 350, 361 (1989) (internal quotation marks omitted).

In the Liquidator's reply briefing and at the remand hearing, the Liquidator added an additional argument: that the McCarran-Ferguson Act, 15 U.S.C. § 1012(b), required remand. The McCarran-Ferguson Act provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). Thus, the McCarran-Ferguson Act gives rise to the doctrine of "reverse preemption," which, if applicable, can cause state insurance laws to trump federal laws that interfere with them. See Davister Corp. v. United Republic Life Ins. Co., 152 F.3d 1277, 1280-81 (10th Cir. 1998). Relying on the McCarran-Ferguson Act, the Liquidator argued that the federal court's exercise of diversity jurisdiction interfered with the Utah Insurer Receivership Act. The Liquidator specifically argued that the exercise of diversity jurisdiction here would interfere with the Receivership Act's "recovery from affiliates" provision, and that remand was therefore appropriate.

4

At the conclusion of the remand hearing, the district court granted the Liquidator's motion to remand. The court confirmed its oral ruling in a written order remanding the case "[f]or the reasons stated on the record." App. at 209. The Defendants timely appealed.

**II**

Before we can review the merits of the district court's remand order, we must first determine whether we have appellate jurisdiction. Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1166 (10th Cir. 2003) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." While the statutory bar in 28 U.S.C. § 1447(d) limiting our review of a district court's remand order is seemingly broad, it has been construed to apply only to remands based on lack of subject matter jurisdiction or on a timely raised defect in removal procedure. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995).

Our appellate jurisdiction in this case therefore turns on the basis of the district court's remand order. If the remand order was based on abstention, we have jurisdiction to review it as a final order. Quackenbush v. Allstate Ins., 517 U.S. 706, 712-13 (1996). However, if the remand order was based on lack of subject matter jurisdiction, we do not have jurisdiction to review it. 28 U.S.C. § 1447(d); Things Remembered, Inc., 516 U.S. at 127-28. The parties agree that the diversity statute, 28 U.S.C. § 1332, is the sole basis of federal subject matter

5

jurisdiction in this case. If the district court concluded that the Utah Insurer Receivership Act reverse preempts the diversity statute, then the district court was left without subject matter jurisdiction. Thus, if reverse preemption under the McCarran-Ferguson Act was the basis for the district court's remand, then we lack appellate jurisdiction. 28 U.S.C. § 1447(d).

In its oral ruling, the district court made several contradictory statements regarding the rationale supporting its remand. We first note that the district court directly and clearly rejected the application of abstention when it stated: "I conclude that Quackenbush forecloses the application of the Burford doctrine in this case because the Liquidator asserts here legal claims. . . . Accordingly, I conclude that Burford abstention and the factors identified in the Tenth Circuit's Grimes decision are inapplicable to this case and do not—do not support abstention." App. at 252-53. The district court also stated that reverse preemption under the McCarran-Ferguson Act was a "completely different consideration than an abstention doctrine." Id. at 255.

However, the court proceeded to mix the two doctrines by referring to "abstention under the McCarran-Ferguson Act." Id. at 250. Similarly, the court found that "the McCarran-Ferguson reverse preemption applies," id. at 261, a conclusion that would suggest a lack of subject matter jurisdiction, but stated that it "should abstain from hearing the case" and never referred to lack of subject matter jurisdiction or cited 28 U.S.C. § 1447(d), id. at 250. Nevertheless, the bulk of the district court's analysis which *followed* its clear rejection of the

6

applicability of abstention suggests that the court relied on reverse preemption under the McCarran-Ferguson Act as the basis for its remand. In particular, the district court offered a detailed analysis of our three-part test for reverse preemption under <u>Davister Corp.</u>, 152 F.3d at 1279 n.1 (quoting <u>U.S. Dep't of Treasury v. Fabe</u>, 508 U.S. 491, 500-01 (1993)).[3]

Given the district court's analytical focus on reverse preemption under the McCarran-Ferguson Act, we conclude that the district court's ambiguous statements regarding abstention are insufficient to provide appellate jurisdiction. While the district court stated that it "should abstain from hearing the case," to credit that statement while ignoring its context—a context strongly suggesting that the remand was based on lack of subject matter jurisdiction—would be contrary to our precedent. In <u>Dalrymple v. Grand River Dam Authority</u>, we held that "[i]n order to evaluate the reviewability of the district court's remand orders, we must independently review the record to determine the actual grounds upon which the district court believed it was empowered to act," and that if the remand order is "based to a fair degree" upon lack of subject matter jurisdiction, it is nonreviewable. 145 F.3d at 1184. In the present case, the district court's holding that "McCarran-Ferguson reverse preemption applies," App. at 261, along with its

_____

[3] We express no opinion regarding the merits of the district court's McCarran-Ferguson analysis. Where remand is based on lack of subject matter jurisdiction, "review is unavailable no matter how plain the legal error in ordering the remand." <u>Kircher v. Putnam Funds Trust</u>, 547 U.S. 633, 642 (2006) (quoting <u>Briscoe v. Bell</u>, 432 U.S. 404, 413 n.13 (1977)); <u>see also</u> <u>Moody v. Grand Western Ry. Co.</u>, 536 F.3d 1158, 1163 (10th Cir. 2008).

extensive analysis of the McCarran-Ferguson factors, supports a conclusion that the district court's remand order was "based to a fair degree" upon lack of subject matter jurisdiction. Dalrymple, 145 F.3d at 1184.

The Supreme Court's most recent ruling on this issue, Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224 (2007), is not inconsistent with our conclusion. In Powerex, the Supreme Court held that appellate review is barred when the district court "relie[s] upon a ground that is colorably characterized as subject-matter jurisdiction." 551 U.S. at 234. Consequently, we have recognized that Powerex limits our authority to review the record in cases where the district court purports to rely on lack of subject matter jurisdiction as a basis for remand. Moody v. Grand Western Ry. Co., 536 F.3d 1158, 1163 (10th Cir. 2008) ("If the district court invokes subject-matter jurisdiction as the rationale for remand, and subject-matter jurisdiction was a plausible rationale for that remand," we are barred from further review). Put differently, when a district court unambiguously invokes lack of subject matter jurisdiction, we are permitted only to determine whether that was a "plausible rationale." Id. But we may engage in a more searching review where, as here, the district court does not *explicitly* rely on lack of subject matter jurisdiction. In such a case, the Dalrymple rule governs our analysis and we conclude, after a more searching review of the district court's oral ruling, that the remand order was "based to a fair degree" on lack of subject matter jurisdiction. Dalrymple, 145 F.3d at 1184.

8

We conclude that the district court relied on the McCarran-Ferguson Act as the basis for its remand order. And, as a consequence, we lack appellate jurisdiction. 28 U.S.C. § 1447(d); Things Remembered, Inc., 516 U.S. at 127-28.

**IV**

Because we lack appellate jurisdiction, we DISMISS the appeal.