**PUBLISH**
**Filed 1/23/97**
**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

SBKC SERVICE CORPORATION,

      Plaintiff-Appellee,

v.

1111 PROSPECT PARTNERS, L.P., a
California Limited Partnership;
WILLIAM JEFFERY, III, an individual;
KRISTIN L. JEFFERY, an individual,

      Defendants-Appellants.

No. 96-3104

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-2540-JWL)**

Charles A. Bird (Terrence L. Bingman with him on the briefs), Luce, Forward, Hamilton
& Scripps, San Diego, California, for Defendants-Appellants.

Elizabeth Drill Nay (Louis A. Cohn with her on the briefs), Lewis, Rice & Fingersh, L.C.,
Kansas City, Missouri, for Plaintiff-Appellee.

Before **PORFILIO, BARRETT,** and **EBEL**, Circuit Judges.

**PORFILIO**, Circuit Judge.

Defendants, William Jeffery, Kristin Jeffery, and 1111 Prospect Partners, L.P., appeal the district court's remand of litigation instituted against them in a Kansas state court by plaintiff, SBKC Service Corporation. The district court held choice of venue clauses in a deed of trust and note involving the parties constituted a grant of permission by defendants to the filing of this action in Wyandotte County, Kansas. Although unsupported by authority, the district court concluded 1111 Prospect could not revoke that permission and, hence, could not join in the removal as required by 28 U.S.C. § 1446(a). Consequently, the court remanded the case to the Wyandotte County District Court. Defendants appeal that decision. We believe the terms of the note upon which this action is based do not prohibit removal, and reverse.

Mr. Jeffery is a limited partner of 1111 Prospect, which borrowed $8.3 million from the Security Bank of Kansas to purchase real property in California. The loan was evidenced by a promissory note and secured by a deed of trust and standby letter of credit from a California bank. In exchange for the standby letter of credit, the Jefferys executed a personal guarantee to the California bank. When 1111 Prospect defaulted on the loan, Security Bank drew on the letter of credit. Security Bank then transferred the note and deed of trust to its subsidiary corporation, SBKC, which foreclosed on the deed of trust and filed a $1 million action suit in the District Court for Wyandotte County, Kansas to

collect a deficiency on the note. Meanwhile, the defendants brought a separate action against SBKC in California, contesting the foreclosure of the California property.

Following removal, SBKC moved to remand based on clauses contained in the note and deed of trust.[1] The pertinent provision of the note (the clause) states,"an action **may be maintained** in the State of Kansas and the County of Wyandotte for the purpose of collecting . . . a deficiency." (Emphasis added.) The federal district court granted SBKC's motion and remanded the action back to the state court.

The district court ordered remand because it believed 1111 Prospect had waived its federal statutory right to remove the case. While agreeing the clause was permissive rather than mandatory, the court held it embodied 1111 Prospect's consent not to oppose litigation in the Kansas district court; thus, it could not later revoke that consent by joining in a removal petition. To allow 1111 Prospect to remove the case, the court reasoned, would render its permission to be sued in Kansas district court a nullity. The district court then concluded: "[b]ecause 1111 [Prospect], a defendant in this case, waived its statutory right to remove the case, that prevents it from joining in or consenting to the removal by the other defendants as required under 28 U.S.C. § 1446."

---

[1]The actual complaint is not in the record before us, but we glean from documents filed by SBKC in the district court that the action was based upon the note and not the deed of trust. (See Suggestions in Support of Remand, aplt. app. at 51.)

On appeal, SBKC argues the order is not reviewable because the district court explicitly remanded the case for failure to comply with the unanimity requirement of § 1446, a procedural defect in the removal process. Because procedural defects form one of two bases for removal specified in § 1447(c),[2] SBKC submits that review of the district court's remand order is barred by § 1447(d). SBKC also distinguishes cases holding that remands based on choice of venue clauses are reviewable, noting that in those decisions, the district court's order was based upon a purely non-statutory ground. According to SBKC, those decisions are not relevant because the district court's order in this case was based at least in part on a statutory ground. SBKC argues that when both statutory and non-statutory grounds form the basis for a remand, we are without jurisdiction.

The threshold question in any appeal of a remand order in a removed case is whether the district court's decision is reviewable. ***Westinghouse Credit Corp. v. Thompson***, 987 F.2d 682, 683 (10th Cir. 1993). Though "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in civil rights cases]," 28 U.S.C. § 1447(d), ***Thermtron Products v. Hermansdorfer*** instructs that this section only prohibits the review of remands based on grounds specified in § 1447(c). 423 U.S. 336, 345-46 (1976). As a result, the only remands immune to appellate review are those predicated upon lack of subject matter

_____

[2]The other basis for remand specified in § 1447(c) is lack of subject matter jurisdiction.

- 4 -

jurisdiction or defects in the removal procedure. ***Quackenbush v. Allstate Ins. Co.***, 116 S.Ct. 1712, 1718 (1996); ***Albertson's, Inc. v. Carrigan***, 982 F.2d 1478, 1479-80 (10th Cir. 1993). Conversely, remands based on "a determination on the merits of a nonjurisdictional issue" are fully appealable. ***Albertson's, Inc.***, 982 F.2d at 1480.

In ***Milk 'N' More, Inc. v. Beavert***, 963 F.2d 1342 (10th Cir. 1992), we considered the appealability of a remand order based on the district court's decision to honor a forum selection clause. Because the trial court's reason for the remand was not specified in § 1447(c), this court concluded the order was appealable under the collateral order doctrine. ***Id.*** at 1344. In so doing, the court cited the Ninth Circuit's decision in ***Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.***, 741 F.2d 273 (9th Cir. 1984), which reasoned that a remand based on a forum selection clause was reviewable because it constituted a substantive decision on the merits apart from any jurisdictional question. ***Id.*** at 276. The court in ***Pelleport*** also held the policy behind § 1447(d) was not implicated where a remand order was based on a substantive determination of contract law, rather than purely procedural issues. ***Id.*** at 277. The court reasoned refusing to review a remand order in that case would deprive litigants of the right to an appeal on the merits. ***Id.***

Following ***Pelleport***, every circuit addressing this issue has similarly concluded a remand order based on a choice of venue clause is appealable. ***See***, ***e.g.***, ***Foster v. Chesapeake Ins. Co.***, 933 F.2d 1207 (3d Cir.), ***cert. denied***, 502 U.S. 908 (1991);

*McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir.), *reh'g denied,* 947 F.2d 1489 (5th Cir 1991); *Regis Assoc. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193 (6th Cir. 1990); *Karl Koch Erecting Co., Inc. v. NY Convention Ctr. Dev. Corp.*, 838 F.2d 656 (2d Cir. 1988).  Moreover, several courts have disregarded a district court's characterization of its basis for a remand order, looking instead to the substance of the court's decision.  *See, e.g., Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553 (9th Cir. 1991); *Tillman v. CSX Transp.*, 929 F.2d 1023, 1027 (5th Cir.), *cert. denied*, 502 U.S. 859 (1991).  *But see Hernandez v. Brakegate, Inc.*, 942 F.2d 1223, 1226 (7th Cir. 1991)  ("[I]f the district court gives a reason authorized by statute, courts of appeals may not inquire whether the court erred.").

We conclude the jurisdictional aspect of this case is indistinguishable from *Milk 'N' More*.  Here, all defendants joined in the removal, and the "procedural defect" found by the district court arose only because it held the choice of venue clauses rendered 1111 Prospect's consent void.

In addition, public policy supports recognizing jurisdiction over the district court's remand order as well.  If we accept without question the district court's characterization of the basis for its remand, any court could insulate from review a remand decision predicated upon a contract interpretation by specifically stating that its construction of the agreement voids unity or consent to removal.  Thus, not recognizing jurisdiction in this instance would effectively overrule *Milk 'N' More'*s holding that forum selection clauses

are reviewable. Moreover, refusing to recognize jurisdiction would leave litigants without any appeal of the merits of a district court's contract interpretation. We therefore conclude we should exercise jurisdiction over this appeal and turn to the merits of the case.

Defendants argue permissive forum selection clauses do not waive the right to removal because they allow litigation outside the chosen forum. They urge Kansas law should determine whether the clause is permissive or mandatory because the district court's jurisdiction was based on diversity, no federal statute controls, and federal common law on this issue would be inappropriate. Under Kansas law, defendants contend the clause is permissive because similar language was deemed permissive in *Thompson v. Founders Group International*, 20 Kan. App. 2d 261 (1994). Although we agree with the disposition advocated by defendants, we arrive at the result by a different route.

First, construing the clause is a matter of contract interpretation that we review *de novo*. *Milk'N'More*, 963 F.2d at 1345. Next, we believe this case is more closely in line with *Thompson* than *Milk'N'More* because of factual differences. Finally, we interpret the term "forum selection clause" as a term of art inapplicable to the choice of venue clause in this case.

Cases interpreting clauses relating to the commencement of litigation should be driven by the language the parties employed in agreeing upon the locus of litigation

between them.  In this instance, the parties used the words "may be maintained in the State of Kansas and the County of Wyandotte" to describe where litigation could be filed.  If we parse this clause, we begin with the word "may," which is a word universally recognized as connoting permissiveness.  It is not a word of exclusion; in plain terms, it does not confine the commencement of litigation to Wyandotte County.[3]  Had the parties chosen language that would have done so, such a limitation would be enforced.

Indeed, *Milk'N'More* would command that outcome.  Yet, comparing the choice of venue clause in *Milk'N'More*, 963 F.2d at 1343, to that before us here, we believe there is a distinction.  The parties in *Milk'N'More* intended to confine the commencement of litigation to Johnson County, Kansas.  We can reach that conclusion because the language employed in the agreement discloses an intent to exclude other venues.

At the same time, we see no distinction of substance between the clause in this case and that reviewed by the Kansas Court of Appeals in *Thompson*.  The plain meaning of "may be maintained" employed in our case is the functional equivalent of *Thompson*'s "shall properly lie." *Id*. at 906.  The Kansas court reasoned that provision merely designated two specific courts as proper places for filing suit, and it did not bar an action

_____

[3]Curiously, in the deed of trust which secured the note the parties provided: "[T]he District Court of Wyandotte County, Kansas, *shall have jurisdiction* over any action for a deficiency . . . ."  While the use of the mandatory "shall" is more directory than "may," we conclude this clause is subject to the same frailties as that in the note, and it also does not circumscribe the filing of actions to Wyandotte County exclusively.

in other courts as well. 886 P.2d at 911. While perhaps influenced by nothing more than a nuance of language, the Kansas court saw in the clause it reviewed a concession to certain venues, but not the limitation of venue the *Milk'N'More* panel discovered in construing the contract before it.

In our view, the *Milk'N'More* panel would have reached a different conclusion had it faced the language employed by the parties in this case. As we read the panel's opinion, its ultimate decision was to enforce the agreement between the parties in accordance with its own terms. *Id.* at 1346. We do the same here. Likewise, had the *Thompson* court interpreted a clause in which the parties manifested a clear intent to limit the filing of any action to a specific Kansas court, it, too, would have arrived at a different decision under Kansas law. *Cf. Vanier v. Ponsolt,* 833 P.2d 949 (Kan. 1992).

More importantly, as long as the focus is upon the language and intent of the parties, we do not believe it necessary to indulge in a distinction between mandatory and permissive venue selection clauses. This decision also makes unnecessary exploration of whether federal common law or Kansas law should apply because the result would be the same in either case.

We are not confusing precedent by this analysis because we do not regard clauses such as that in this case and *Thompson* as "forum selection clauses." Our interpretation of the myriad cases involving the issue leads us to the conclusion that term should be applied only to agreements which clearly confine litigation to specific tribunals to the

- 9 -

exclusion of all others. *See, e.g., Thompson* at 909-10 and cases cited therein. We therefore do no violence to the precedent that dictates forum selection clauses should be enforced unless unreasonable under the circumstances. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972); *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 588 (1991)*; Milk'N'More,* 963 F2d at 1346. As we view precedent, the controlling factor in governing enforcement of a venue provision in any agreement by confining venue to a specific court is whether the parties intended to commit the actions to that court to the exclusion of all others. Those forum selection provisions, if otherwise contractually valid, should be enforced even to the extent of denying removal.

Plaintiff here simply cannot escape the fact the agreement between the parties does not meet that test because it fails to clearly and exclusively limit the venue of actions between it and the defendants. Accordingly, as a matter of law, the defendants had a right to remove the action under 28 U.S.C. § 1446, and the district court's divestment of jurisdiction was improper. The order of remand is **REVERSED,** and this case is **REMANDED** for further proceedings.