**FEDERAL GASOHOL CORPORATION, a Kansas Corporation, and Nteltech Corp., L.L.C., a Kansas Limited Liability Company, Plaintiffs,**

v.

**TOTAL PHONE MANAGEMENT, INC., a Delaware Corporation, and The Technology Network, Inc., a Delaware Corporation, Defendants.**

No. 98–1176–WEB.

United States District Court, D. Kansas.

July 9, 1998.

G. Nelson Van Fleet, Wichita, KS, for Federal Gasohol Corp. and Nteltech Corp.

W. Thomas Gilman, Edward J. Nazar, Redmond & Nazar, L.L.P., Wichita, KS, for Total Phone Management, Inc. and Technology Network, Inc.

Total Phone Management, Inc., President/Board of directors, Manalapan, NJ, pro se.

Technology Network, Inc., President/Board of Directors, Manalapan, NJ, pro se.

Ronald J. Polli, Toma River, NJ, pro se.

William O'Hare, Brick, NJ, pro se.

## Memorandum and Order

WESLEY E. BROWN, Senior District Judge

This matter is before the court on plaintiffs' motion to remand the action to state district court. (Doc. 3). Plaintiffs argue remand is required because a "forum selection clause" in an agreement between the parties makes Sedgwick County District Court the only appropriate forum for resolution of the dispute. Defendants oppose remand, arguing that the provision in question merely permits suit to be brought in Sedgwick County District Court but does not preclude removal to and litigation of the action in this court. The court finds that oral argument would not assist in deciding the issues presented.

### I. Facts.

The relevant facts are few and undisputed. On September 9, 1997, the plaintiffs and defendants entered into a written agreement. As part of the transaction the defendants executed a series of twenty-six promissory notes payable to plaintiff Fed Gas.

The agreement and the promissory notes were drafted by the plaintiffs.

The agreement contains the following provision in ¶ 15:

15. **State Law.** The parties hereto agree that in the event there is a dispute concerning this Agreement, the provisions herein will be decided according to the laws of the State of Kansas and that proper venue and jurisdiction lies with the Sedgwick County District Court of the State of Kansas.

Each of the promissory notes contains the following provisions:

In the event that Creditor [Fed Gas] takes any action or files any proceeding connected with this note, Debtors [defendants] promise to pay the reasonable costs of collection, including attorney's fees and all costs associated with such action of proceeding. Also, in the event of such a dispute, this Note shall be governed by the laws of the State of Kansas and that the proper venue and jurisdiction lies with the Sedgwick County District Court of Wichita, Kansas.

Debtors [defendants] hereby authorize any attorney at law to appear in any court of record in the State of Kansas, or any other state in the United States, on the default in the payment of this Note, and waive the issuance and service of process, and confess a judgment against the undersigned in favor of the holder hereof for the amount of this Note, together with costs of suit and reasonable attorney's fees, and to release all errors and waive all right of appeal.

### II. Discussion.

 At the outset the court notes that the parties agree the forum selection clauses here are valid, reasonable and enforceable. *Cf. Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (upholding forum selection clause). The only question is whether the language in the clauses precludes litigation in any forum other than Sedgwick County District Court. In addressing that issue the court finds it appropriate to apply the law of Kansas governing interpretation of contracts, although the outcome would likely be the same if guided by federal case law. *Cf. SBKC Service Corp. v. 1111 Prospect Partners, L.P.,* 105 F.3d 578, 582 (10th Cir.1997). Under either body of law, the primary consideration is to determine what meaning was intended and conveyed by the language the parties used in the agreement. *See Thompson,* 886 P.2d at 906. If the language is clear, it should be given effect. If it is unclear, any ambiguity is generally construed against the drafter of the agreement. *Id.* at 911. *See also Milk 'N' More, Inc. v. Beavert,* 963 F.2d 1342 (10th Cir.1992).

 The courts have classified forum selection clauses as being either permissive or mandatory. *Thompson v. Founders Group International, Inc.;* 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994). Permissive

clauses authorize jurisdiction in a designated forum but do not prohibit litigation elsewhere. *Id.* Mandatory clauses, by contrast, contain clear language showing that jurisdiction is appropriate only in the designated forum. *Id. See also Excell, Inc. v. Sterling Boiler & Mech., Inc.,* 106 F.3d 318, 321 (10th Cir.1997).

In *Thompson,* supra, the clause construed by the court stated:

> The parties to this Agreement agree that jurisdiction and venue of any action brought pursuant to this Agreement, to enforce the terms thereof or otherwise with respect to the relationships between the parties created or extended pursuant hereto, shall properly lie in the Circuit Court of the Thirteenth Judicial Circuit [or] the United States District Court for the Middle District of Florida, Tampa Division.

The Kansas Court of Appeals held that this provision did not prevent one of the parties from filing suit in Kansas. In so holding, the court indicated that a declaration to the effect that "in the event of a dispute, jurisdiction shall properly lie" in a named court would not suffice to preclude litigation in other courts:

> [F]orum selection clauses which give a court jurisdiction without clearly making that jurisdiction exclusive are permissive rather than mandatory. The mere granting of jurisdiction is insufficient to make a clause mandatory. Additional language giving exclusive jurisdiction to the forum is required. Clauses which merely grant jurisdiction to a designated forum do not prohibit litigation in other appropriate fora.

*Id.* at 911 (quoting *Utah Pizza Service, Inc. v. Heigel,* 784 F.Supp. 835, 838 (D.Utah 1992)). By contrast, the Tenth Circuit held in *Excell,* supra, that a clause saying "Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" was clearly exclusive and prohibited removal of the case to the federal court sitting in El Paso County. *Excell,* 106 F.3d at 321. Although the distinction between these two clauses is not readily apparent, according to the courts the controlling factor is whether there is express and clear language excluding the commencement of an action in any court other than the named forum.

■ In view of *Thompson,* the court must conclude that the clauses in the instant case do not make clear that jurisdiction is appropriate *only* in Sedgwick County District Court. While they can be interpreted that way, they can also be viewed as merely a stipulation by the parties that the jurisdiction and venue of the Sedgwick County District Court will be considered proper if the litigation in fact proceeds there.[1] The ambiguity arises because more than one court can have proper jurisdiction and venue over a dispute. According to *Thompson,* a declaration that jurisdiction is proper in one forum does not necessarily mean it is improper in another. In concluding that this wording is ambiguous, the court has considered the fact that in the promissory notes the phrase "proper venue and jurisdiction" is preceded by a definite article ("the").[2] This likewise can be taken as an exclusion of jurisdiction in any court other than Sedgwick County, but can also be read as stipulating only that the Sedgwick County District Court would have jurisdiction over the dispute. (Interpretation of this phrase is further clouded by the fact it does not match the introductory clause in the same sentence.)

The burden was on the plaintiff as the drafter of this agreement to eliminate any such ambiguities to make clear that the defendants were waiving their statutory right to remove the case from state to federal court. The language employed fails to do so.

### III. *Conclusion.*

Plaintiffs' Motion to Remand (Doc. 3) is hereby DENIED. IT IS SO ORDERED.

---

1. This latter interpretation could be viewed as being supported by the provision in the promissory notes where the debtors authorize any attorney to appear in any court in Kansas "or any other state" upon default.

2. This article is missing from the quotation in the defendants' statement of facts, but it is contained in the promissory notes. Def.Exh. C–1 through C–26.