**PUBLISH**
**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

RYAN URESK HARVEY; ROCKS OFF, INC.; WILD CAT RENTAL INC.,

    Plaintiffs - Appellees,

v.

UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION,

    Defendant - Appellant,

and

DINO CESSPOOCH, in his individual and official capacity as a UTERO commissioner; JACKIE LAROSE, in his individual and official capacity as a UTERO commissioner; SHEILA WOPSOCK, in her individual and official capacity as a UTERO commissioner; NEWFIELD PRODUCTION; NEWFIELD ROCKY MOUNTAINS; NEWFIELD RMI, LLC; NEWFIELD DRILLING SERVICES; L.C. WELDING & CONSTRUCTION, INC.; SCAMP EXCAVATION, INC.; HUFFMAN ENTERPRISES; LAROSE CONSTRUCTION COMPANY, INC.; D. RAY C. ENTERPRISES, LLC,

    Defendants.
_____

No. 14-4089

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:13-CV-00862-DB)**
_____

Jeffrey S. Rasmussen, Fredericks Peebles & Morgan, Louisville, Colorado (Eduardo A. Provencio, Jeremy J. Patterson, Thomas W. Fredericks, and Frances C. Bassett, Fredericks Peebles & Morgan, Louisville, Colorado; and J. Preston Stieff, J. Preston Stieff Law Offices, Salt Lake City, Utah, on the briefs), for Defendant-Appellant.

John D. Hancock, John D. Hancock Law Group, Roosevelt, Utah (Bradley D. Brotherson and Clark B. Allred, Allred Brotherson & Harrington, Roosevelt, Utah, on the briefs), for Plaintiffs-Appellees.
_____

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

**LUCERO**, Circuit Judge.
_____

Under 28 U.S.C. § 1447(d), a district court order remanding a case to state court is "not reviewable on appeal or otherwise." Notwithstanding this apparently clear language, federal courts have frequently wrestled with the question of whether the "not reviewable" language of § 1447(d) genuinely precludes appellate review of a remand order. We hold that a district court order remanding because the defendants did not unanimously join or consent to removal is patently "not reviewable." Further, we conclude that the remand order in this case was colorably characterized as being based on lack of unanimity. Accordingly, we must dismiss this appeal.

**I**

In April 2013, plaintiffs filed a complaint in Utah state court seeking declaratory and injunctive relief. The complaint sought a declaration as to the authority of the Ute

Indian Tribe of the Uintah and Ouray Reservation (the "Tribe") over non-Indian businesses operating on certain categories of land. It also alleged that Dino Cesspooch, Jackie LaRose, and Sheila Wopsock, individuals affiliated with the Ute Tribal Employment Rights Office ("UTERO"), had harassed and extorted plaintiffs in violation of state law.

Defendants filed a motion to dismiss in state court by way of a special appearance on May 1, 2013, arguing that service of process had been insufficient, that the state court lacked subject matter jurisdiction in the absence of a valid waiver of tribal sovereign immunity, that the Tribe and its officers are immune from suit but are necessary and indispensable parties, and that plaintiffs failed to exhaust administrative remedies in tribal court. Cesspooch and LaRose were properly served on May 8, 2013. On June 6, two attorneys for the defendants moved for pro hac vice admissions. The motions were granted.

Following a July 2013 hearing on the motion to dismiss, the state court ordered further briefing on the issue of whether defendants' motion constituted a general appearance and authorized substituted service on the Tribe and Wopsock. It took the remainder of the motion under advisement. On August 16, 2013, the court granted plaintiffs' motion to file an amended complaint adding additional defendants. The Tribe, Cesspooch, LaRose, and Wopsock were served the amended complaint on September 3, 2013. The last defendant was served on September 26, 2013.

The Tribe filed a notice of removal in the U.S. District Court for the District of Utah on September 20, 2013. In its notice, the Tribe stated that Cesspooch, LaRose, and

Wopsock consented to removal, and that the remaining defendants would consent. The remaining defendants, save one,[1] filed consent and joinders to removal on October 3 and 4, 2013. Plaintiffs then filed a motion to remand, arguing that the initial defendants waived their right to removal—or to consent to removal—by litigating in state court, that removal was untimely, that the defendants had not unanimously consented to removal, and that the federal court lacked subject matter jurisdiction.

After a hearing, the district court granted the motion to remand. It concluded that because the initial defendants' conduct manifested an intent to litigate in state court, they waived their right to removal and their right to consent to removal. Removal was accordingly improper based on both waiver and lack of unanimity. The Tribe timely filed a notice of appeal from the district court's remand order.

## II

Pursuant to § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[2] However, the Supreme Court has concluded that some remand orders are appealable despite the plain language of the statute. In Powerex Corp. v. Reliant Energy Services, Inc., 551 U.S. 224 (2007), the Court reaffirmed "that § 1447(d) should be read in pari materia with § 1447(c), so that

---

[1] Defendant Scamp Excavation, Inc., did not file a consent and joinder or otherwise appear in the federal proceeding. The parties disputed below whether that company had been properly notified of the federal case.

[2] The statute contains an exception for certain civil rights actions and suits against federal officers, which is not applicable in this case. See § 1447(d) ("[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

-4-

only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former." Powerex, 551 U.S. at 229. Accordingly, § 1447(d) has been interpreted to "preclude review only of remands for lack of subject-matter jurisdiction and for defects in removal procedure." Id.; see also § 1447(c) (requiring remand if "it appears that the district court lacks subject matter jurisdiction" and permitting remand "on the basis of any defect other than lack of subject matter jurisdiction").

Although Powerex reaffirms that some remand orders are reviewable, it also establishes that "review of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable." Powerex, 551 U.S. at 234. If a district court bases its remand decision "upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)." Id. We have previously explained that, in light of Powerex, appellate review of remand orders is highly circumscribed:

> Some of our prior cases suggested that, in making the determination whether § 1447(d) bars review, we could independently review the actual grounds upon which the district court believed it was empowered to remand. However, the Supreme Court has clarified that the scope of this determination is narrower. When a district court states that it based its remand on a lack of subject-matter jurisdiction, our inquiry is limited to determining whether the basis for the district court's decision can be colorably characterized as subject-matter jurisdiction. This narrower standard applies regardless of whether the district court's decision to remand was based on an erroneous legal conclusion.
>
> Thus, when the district court characterizes its remand as one based on subject-matter jurisdiction, our inquiry is essentially a superficial

-5-

> determination of plausibility.  If the district court invokes subject-matter jurisdiction as the rationale for remand, and subject-matter jurisdiction was a plausible rationale for that remand, our ability to further review that remand is barred by § 1447(d).

Moody v. Great W. Ry. Co., 536 F.3d 1158, 1163 (10th Cir. 2008) (citations omitted); see also Hill v. Vanderbilt Capital Advisors, LLC, 702 F.3d 1220, 1224 (10th Cir. 2012) (noting that Moody establishes a "highly deferential standard").

In this case, the district court characterized its remand as based on both waiver and lack of unanimity.  Our sibling circuits are divided as to whether a remand based on waiver through participation in state court proceedings is reviewable.  Compare Cogdell v. Wyeth, 366 F.3d 1245, 1248-49 (11th Cir. 2004) (exercising appellate jurisdiction over waiver-based remand order) with In re Weaver, 610 F.2d 335, 337 (5th Cir. 1980) (declining to review waiver-based remand order).  Rather than wade into that split, we will consider only whether a remand based on lack of unanimity is reviewable.  See BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012) (concluding that if an "independent and authorized reason for remanding [a] case to state court" exists, "the district court's remand order is unreviewable" even if another basis was also referenced by the district court).

We are largely persuaded by the Ninth Circuit's approach to this question in Atlantic National Trust LLC v. Mount Hawley Insurance Co., 621 F.3d 931 (9th Cir. 2010).  In that case, the court concluded that Powerex's bar applies to a remand colorably characterized as based on lack of unanimity:

> Although Powerex involved a remand based on subject matter jurisdiction under § 1447(c), the Court's reasons for holding that review of the District

Court's characterization of its remand should be limited to confirming that that characterization was colorable are equally applicable to remands relying on a non-jurisdictional defect. Neither the plain language of § 1447(d) nor Thermtron[ Products Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976)] . . . distinguishes between orders based on jurisdictional and non-jurisdictional grounds. Moreover, appellate review of a district court's characterization of a remand based on a non-jurisdictional defect would frustrate Congress's intent to avoid interruption of the litigation of the merits of a removed case by prolonged litigation of procedural questions. And as with jurisdictional defects considered in Powerex, it is equally difficult to distinguish the line between misclassifying a ground as a defect, and correctly classifying an issue as a defect but then misapplying the law to the facts of the case. Accordingly, in light of Powerex, when a district court remands a case purporting to rely on a ground enumerated in § 1447(c), we have appellate jurisdiction to look behind the district court's characterization of its basis for remand only to determine whether the ground was "colorable."

Id. at 937-38 (quotation, citations, and alteration omitted). Limiting appellate review of remand orders supports "Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case." Powerex, 551 U.S. at 238. In Powerex, the Court also noted the desirability of avoiding "[l]engthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such." Id. at 234. We conclude that these considerations similarly support avoiding lengthy disputes regarding non-jurisdictional defects.

Lack of unanimity bears no resemblance to the basis of remand orders declared reviewable by the Court: those resting "on grounds not specified in the statute and not touching on the propriety of removal." Thermtron, 423 U.S. at 352, abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996); cf. Rothner v. City of Chicago, 879 F.2d 1402, 1422 (7th Cir. 1989) (Easterbrook, J., dissenting) ("Thermtron responded to the problem of the lawless judge, one who said in

-7-

effect: 'the law be damned, I can do what I want if there is no review.'"). Rather, lack of unanimity is a procedural defect clearly established by statute as precluding removal. See § 1446(b)(2)(A) (requiring that "all defendants who have been properly joined and served must join in or consent to the removal of the action"). And we have held that "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." Huffman v. Saul Holdings Ltd. P'shp, 194 F.3d 1072, 1077 (10th Cir. 1999) (quotation omitted). Accordingly, we will not review the district court's remand order if it can be colorably characterized as grounded in lack of unanimity.

The Tribe encourages us to "look behind the district court's stated basis for its remand," Atl. Nat'l Trust, 621 F.3d at 940, and conduct a searching review of whether unanimity was genuinely absent. It correctly notes that the district court reached its conclusion as to unanimity based on a finding that some of the defendants lacked the capacity to consent to removal because of their participation in state court proceedings. Thus, the Tribe argues, we should examine whether the underlying rationale qualifies as a defect under § 1447(c) rather than addressing the district court's stated ground of unanimity.

Although not cited by the Tribe, one of our pre-Powerex cases takes just this approach. In SBKC Service Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578 (10th Cir. 1997), the district court concluded that a forum selection clause contained in a note and deed of trust prohibited a party from joining in a notice of removal. Id. at 580. Relying on Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th

Cir. 1984), we held "that a remand based on a forum selection clause was reviewable because it constituted a substantive decision on the merits apart from any" issue related to removal. SBKC, 105 F.3d at 581. We further observed that appellate courts had "disregarded a district court's characterization of its basis for a remand order," and "looked instead to the substance of the court's decision." Id. And because the district court's order was based on lack of unanimity by way of a forum selection clause, we exercised jurisdiction. Id.

We have serious doubts about whether these aspects of SBKC survive Powerex. The Supreme Court expressly rejected Pelleport and other Ninth Circuit cases "holding that § 1447(d) does not preclude review of a district court's merits determinations that precede the remand." Powerex, 551 U.S. at 235-36 (citing Pelleport, 741 F.3d at 276-77). And it emphasized the limited scope of appellate scrutiny into the actual reasons for a district court's remand: Because "the line between misclassifying a ground . . . and misapplying a proper ground . . . is sometimes elusively thin," an appellate court is "limited to confirming that [the district court's] characterization was colorable." Id. at 234.

Regardless of whether SBKC remains good law, we conclude that it does not apply in this case. In SBKC, we held that a remand order is reviewable if it is "based on a substantive determination of contract law, rather than purely procedural issues." 105 F.3d at 581. Prohibiting review in such cases, we stated, "would deprive litigants of the right to an appeal on the merits." Id. For this reason, several circuits permitted appeals of remands based on venue clauses prior to Powerex. See id. (collecting cases). But

-9-

even before <u>Powerex</u>, several of our sibling circuits distinguished between remand orders based on factors extrinsic to the removal process and those intrinsic to that process.

For instance, the Ninth Circuit has held that it lacked jurisdiction to review a remand order based on waiver through participation in state court. <u>Schmitt v. Ins. Co. of N. Am.</u>, 845 F.2d 1546, 1551 (9th Cir. 1988), <u>superseded on other grounds as stated in Balcorta v. Twentieth Century-Fox Film Corp.</u>, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). The court in <u>Schmitt</u> distinguished prior precedent (including <u>Pelleport</u>), which held that waiver-based remand orders are reviewable:

> The critical distinction . . . is that the district court in [a prior case] based its finding of waiver on an adjudication of the merits of an issue presented in that case, i.e., whether the employee's handbook authorized the plaintiff to select the forum. . . . Here, in contrast, the district court based its finding of waiver on an examination of the state court's docket entries. The district court in the present case did not resolve any substantive matter concerning the merits of the dispute.

<u>Id.</u> at 1550-51.

Similarly, in <u>Hernandez v. Seminole County</u>, 334 F.3d 1233 (11th Cir. 2003), the Eleventh Circuit dismissed an appeal from a remand order based on lack of unanimity even though the district court was required to interpret a contract to reach that conclusion. <u>Id.</u> at 1235. Although the court acknowledged prior circuit precedent holding that a remand order based on a forum selection clause is reviewable, <u>id.</u> at 1238, it held that such review is available only if a court bases its decision on a substantive ruling "completely external to the removal process," <u>id.</u> at 1240 (quotation and emphasis omitted). In <u>Hernandez</u>, however, the contractual analysis underlying the lack-of-

unanimity finding was conducted "for the sole purpose of deciding whether the case was properly removed." Id. at 1239. [3]

We agree that this distinction is a meaningful one. To the extent SBKC retains any force as to remand orders, it would permit us to peek under the curtain of a district court's characterization only to determine whether a remand order is actually based on a substantive merits determination rather than a procedural issue intrinsic to the remand question. See 105 F.3d at 581. In this case, the district court's conclusion that remand was appropriate due to lack of unanimity was plainly not based on an issue extrinsic to the removal process. Accordingly, we decline the Tribe's invitation to investigate further.

The Tribe also asks us to examine whether the district court was correct in determining that unanimity was lacking. But under Powerex, we may not do so. See Moody, 536 F.3d at 1165 n.2 (observing that Powerex precludes review of a remand order colorably characterized as based on lack of subject matter jurisdiction "regardless of whether the legal conclusion on which the district court predicated its remand order was correct"). We examine only whether the remand order is colorably characterized as based on lack of unanimity, not whether lack of unanimity was colorably established. In so doing, we follow our own precedent in Moody as well as that of other circuits. See Townsquare Media, Inc. v. Brill, 652 F.3d 767, 775-76 (7th Cir. 2011) (concluding that colorability exists when "the district judge's ground for dismissal was indeed absence of

---

[3] The district court concluded that a non-consenting defendant was not merely a nominal party only after reviewing the terms of a contract between that defendant and the plaintiff. Id.

-11-

subject-matter jurisdiction, no matter how great a mistake the judge had made in thinking so," and further observing that "it usually is easier to determine what the district court's . . . ground for dismissing a case was than whether it was not merely an erroneous ground but a frivolous one"); Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 61 (2d Cir. 2007) ("Regardless of whether the subject matter jurisdiction determination was correct on the merits . . . the District Court's characterization of its remand order as being based on a lack of subject matter jurisdiction was certainly 'colorable.'"); cf. Kircher v. Putnam Funds Trust, 547 U.S. 633, 641 (2006) (noting that "even if it is permissible to look beyond the court's own label" in order to identify the basis of a remand order, the adequacy of that basis is not reviewable).

We have no trouble concluding that the order issued by the district court can be colorably characterized as based on lack of unanimity. That order specifically states that the initial defendants "waived their right . . . to consent to removal[] because they manifested an intent to litigate in state court. Thus, the unanimity requirement cannot be met." Harvey v. Ute Indian Tribe of the Uintah & Ouray Reservation, No. 2:13-CV-00862, 2014 WL 2967468, at *4 (D. Utah July 1, 2014) (unpublished). Although the district court based its conclusion that some of the defendants had not properly consented to removal on waiver, its analysis—which was intrinsic to the removal issue— nevertheless resulted in a finding that unanimity was absent. Accordingly, appellate review is precluded under Powerex.

-12-

**III**

Because § 1447(d) precludes our review of the remand order issued by the district court, we **GRANT** appellees' motion to dismiss and **DISMISS** the appeal.

14-4089 – *Harvey v. Ute Indian Tribe*

**HARTZ**, Circuit Judge, concurring:

I agree that we lack jurisdiction to hear this appeal. In my view, (1) whenever the basis (or one of the bases) of remand is a determination that there has been a defect in removal procedure, we lack appellate jurisdiction; and (2) waiver by proceeding too fully in state court is such a defect. This standard is very close, perhaps identical in result, to the one adopted by the majority—namely, that we may "peek under the curtain of a district court's characterization [of a remand as based on lack of unanimity] only to determine whether a remand order is actually based on a substantive merits determination rather than *a procedural issue intrinsic to the remand question*." Op. at 11 (emphasis added). But because I arrive at my conclusion via a route different from the one taken by the majority, I will briefly describe my reasoning.

The governing statute states, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except in certain civil-rights cases. 28 U.S.C. § 1447(d). Despite this broad language, the Supreme Court has "interpreted § 1447(d) to cover less than its words alone would suggest." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007). Beginning with *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), the "Court has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009).

The current version of § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Before its amendment in 1996, § 1447(c) contained the language "any defect in removal procedure," *id.* § 1447(c) (1995), instead of "any defect other than lack of subject matter jurisdiction," *id.* § 1447(c).  Although the 1996 change would appear to expand the grounds for remand, the Supreme Court is not so sure.  In *Powerex* it "assume[d] for purposes of [the] case that the amendment was immaterial to *Thermtron*'s gloss on § 1447(d)" and thus the provision "preclude[d] review only of remands for lack of subject-matter jurisdiction and for defects in removal procedure."  551 U.S. at 229–30.  I will make the same assumption.

I would interpret *defect in removal procedure* to mean failure to comply with the procedural requirements of federal law.  One such defect is waiver by litigation.   Under the waiver-by-litigation doctrine, a defendant "waive[s] the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court."  14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721, at 105 (4th ed. 2009).  The removing party's disqualifying conduct is like untimely removal, which the Supreme Court has said is "precisely the type of removal defect contemplated by § 1447(c)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995).  In one case the remover lingers

2

too long in state court; in the other, it lingers too lovingly.  Whichever is the flaw, the removal is barred because of *how* the removing party has *proceeded* in its litigation.

The grounds for remand that the Supreme Court has held to be reviewable on appeal are readily distinguishable, because they involved no failure by the remover to comply with procedural requirements.  The remand because of a crowded docket in *Thermtron*, 423 U.S. at 343–45, 351, was not based on conduct by the removing party.  Neither was remand based on an abstention doctrine, *see Quackenbush v. Allstate Ins., Co.*, 517 U.S. 706, 712 (1996), or on the district court's decision to decline to exercise supplemental jurisdiction over state-law claims, *see Carlsbad Tech.*, 556 U.S. at 638–39.

Remand based on waiver by litigation is also distinguishable from remand based on a contractual choice-of-venue or forum-selection clause, which this court has held to be reviewable.  *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005); *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997).  Those grounds for remand are not failures to comply with *federal procedural* requirements.

I recognize that a divided panel of the Seventh Circuit held that it could review a remand based on waiver by litigation.  *See Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989).  It said that § 1447(c) permitted remand only for lack of jurisdiction and failure to comply with statutory removal requirements, and that appellate review was barred only for remands belonging to one of those categories.  *See id.* at 1407–16.  But the language of § 1447(c) has since changed.  The language applicable in *Rothner*

3

permitted remand only if "the case was removed improvidently" or "without jurisdiction." *Id.* at 1406 n.2 (internal quotation marks omitted). "Improvidence" is a vague standard that required difficult judicial construction. The present test—"defects in removal procedure" —is more precise; and I see no reason to construe it as referring only to violations of procedural requirements in the removal statutes. Procedure is an amalgam of statutes, rules, and judicial constructs. I would be surprised if Congress was thinking only of statutes and not the other components of the mix. Therefore, I would not follow the Seventh Circuit's lead on this issue.