FILED
United States Court of Appeals
Tenth Circuit

August 31, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAOS COUNTY MAGISTRATE
COURT,

     Plaintiff - Appellee,

v.

RICHARD S. CURRIER,

     Defendant - Appellant.

No. 15-2077
(D.C. No. 1:14-CR-04345-MCA-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Richard Currier appeals following the district court's remand of his criminal

case to state court. Exercising jurisdiction under 28 U.S.C. § 1447(d), we affirm.

**I**

Currier was charged in New Mexico state court with one count of resisting,

evading, or obstructing an officer; one count of disorderly conduct; and five counts of

assault. The charges stem from an incident at the Taos Visitor's Center. After being

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

questioned about the presence of his service dog, Currier became upset and an argument apparently ensued. Currier was subsequently arrested.

Currier removed his state criminal case to federal district court. The district court observed that removal was inappropriate under 28 U.S.C. § 1443(1) because that section applies only if a state proceeding would deny a removal petitioner specific federal civil rights stated in terms of racial equality. Although Currier claimed that his case implicated the Americans with Disabilities Act ("ADA"), he did not allege a deprivation of racial equality. The district court remanded the case back to state court. It also denied Currier's motion to reconsider. Currier now appeals those rulings.

## II

As a general matter, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, the bar on appellate review of remand orders contains an exception for cases removed pursuant to § 1443. § 1447(d). Section 1443(1) provides that a criminal prosecution may be removed to federal court if the action is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Id. Although Currier did not cite § 1443(1) in his Notice of Removal, he did allege that the state disregarded his rights under federal disability statutes. Construing his pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we agree with the district court that Currier's references to federal disability rights are

-2-

sufficient to raise § 1443(1) as a basis for removal. We accordingly possess jurisdiction to review the district court's remand order under § 1447(d). See Colorado v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990) (reviewing remand order of action removed under § 1443).

We also possess jurisdiction to consider the district court's denial of Currier's motion for reconsideration. Under 28 U.S.C. § 1455(a), criminal defendants must adhere to Rule 11 of the Federal Rules of Civil Procedure in filing a Notice of Removal. Id. Whether we apply civil or criminal rules, Currier's timely motion to reconsider, which was filed eight days after the remand order, tolled his notice-of-appeal deadline. See Fed. R. App. P. 4(a)(4)(A) (civil); United States v. Randall, 666 F.3d 1238, 1242 (10th Cir. 2011) (criminal). And although he filed a notice of appeal before that motion was ruled upon, he filed a timely supplemental notice designating both the remand order and the order denying reconsideration as the subjects of this appeal.

## III

Although the plain text of § 1443(1) could be read as providing removal to protect equal rights for individuals with disabilities, the Supreme Court has firmly held otherwise. The Court established a two part test for § 1443(1) removal petitions in Johnson v. Mississippi, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. at 219 (quotation omitted). Second, it must appear "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Id. (quotation omitted).

We agree with the district court that Currier's claim fails the first prong of the Johnson test. Currier did not allege violation of a federal law stated in terms of racial equality. Rather, he claimed that the state refused to enforce his rights under the ADA. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Id. Because the ADA protects against discrimination due to disability, and not due to race, a denial of ADA rights does not support § 1443(1) removal. See 42 U.S.C. § 12101(b) (purpose of the ADA is "elimination of discrimination against individuals with disabilities"); §12101(a)(4) (distinguishing disability discrimination from racial discrimination).

On appeal, Currier argues for the first time that his prosecution is driven by racial bias against Caucasians. Because Currier did not raise this issue in his notice of removal, it is waived. 28 U.S.C. § 1455(b)(2) ("A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds . . . ."). And in any event, Currier's belated allegation would be insufficient to trigger §1443(1). Under the second prong of the Johnson test, "it [is] not enough to support removal to allege that federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." Johnson, 421 U.S. at 222 (quotation omitted). Instead, a removal petitioner must show that "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of

-4-

bringing the defendant to trial in the state court." City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966). Because Currier's conclusory allegations of racial bias do not refer to an explicit state or federal law that would deny him civil rights in state court, they are insufficient to support removal.

Finally, Currier alleges that the prosecution is driven by systematic harassment and abuse of power by law enforcement. However, allegations that "the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." Johnson, 421 U.S. at 219.[1]

**IV**

**AFFIRMED**. Currier's motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Currier also cites § 1455 as a basis for removal. However, that statute merely describes the procedural requirements for removing criminal cases; it does not provide a substantive entitlement for removal. See City of North Las Vegas v. Davis, No. 13-156, 2013 WL 2394930 at *2 (D. Nev. May 30, 2012) (unpublished).

As noted supra, Currier appeals both the denial of his motion for reconsideration as well as the district court's remand. Our analysis applies equally to both orders.