# SUPREME COURT OF THE UNITED STATES

## ANNE MERCY KAKARALA *v.* WELLS FARGO BANK, N. A.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 15–712.   Decided April 4, 2016

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, dissenting from the denial of certiorari.

The question presented by this petition is whether the Court should overrule *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336 (1976). *Thermtron* adopted an atextual reading of 28 U. S. C. §1447(d), the federal law governing review of orders remanding a case from federal to state courts. Because I remain of the view that *Thermtron* was wrongly decided, I respectfully dissent from the denial of certiorari.

Congress has unambiguously deprived federal courts of jurisdiction to review an order remanding a case from federal to state court: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U. S. C. §1447(d). Underscoring the breadth of this prohibition, Congress has provided only one exception: "[A]n order remanding a case to . . . State court . . . pursuant to section . . . 1443 of this title [providing for the removal of certain civil rights cases] shall be reviewable by appeal or otherwise." *Ibid.**

Yet in *Thermtron*, this Court interpreted §1447(d) to mean the opposite of what it says. The Court concluded that §1447(d) bars review of only *some* remand orders—

———————

*Congress later amended this provision to also provide for appellate review of orders involving the remand of certain cases involving federal officers and agencies. 28 U. S. C. §1447(d).

namely, orders issued pursuant to §1447(c), which, at the time, required federal district courts to remand cases that were "removed 'improvidently and without jurisdiction'" whenever that defect is discovered. 423 U. S., at 343–344. As Members of this Court have noted, this interpretation of §1447(d) defies established principles of statutory construction. *E.g., id.,* at 355 (Rehnquist, J., dissenting) ("[T]he Court today holds that Congress did not mean what it so plainly said"); see *Osborn* v. *Haley*, 549 U. S. 225, 262–263 (2007) (Scalia, J., dissenting) ("Few statutes read more clearly than . . . §1447(d) . . . . Yet beginning in 1976, this Court has repeatedly eroded §1447(d)'s mandate and expanded the Court's jurisdiction"); *Carlsbad Technology, Inc.* v. *HIF Bio, Inc.*, 556 U. S. 635, 645 (2009) (BREYER, J., concurring) ("[S]omething is wrong" with the Court's view of §1447(d)).

*Thermtron* has also proved unworkable. It has spawned a number of divisions in the lower courts over whether certain remands are based on jurisdictional or nonjurisdictional grounds, and how to determine which is which. *E.g., Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 710–712 (1996) (resolving split over whether remands based on an abstention doctrine are nonjurisdictional and thus reviewable); see *Carlsbad*, *supra*, at 641 (resolving split over whether remands of supplemental state-law claims are not based on a lack of subject-matter jurisdiction). Later cases have compounded the confusion over how to interpret §1447(d) by adding on more ancillary rules. For instance, the Court has suggested that remand orders putatively based on jurisdictional grounds may be reviewable if there is reason to think that they actually rested on a different ground. See *Kircher* v. *Putnam Funds Trust*, 547 U. S. 633, 641–644 (2006). And *Thermtron* continues to perplex Courts of Appeals today. See, *e.g., Harvey* v. *Ute Indian Tribe of Uintah and Ouray Reservation*, 797 F. 3d 800, 804 (CA10 2015) (noting split on the question whether a remand based on waiver is subject to §1447(d)'s

THOMAS, J., dissenting

bar).

Nor can *Thermtron* be reconciled with the broader principles we have identified to guide our interpretation of jurisdictional statutes. Since deciding *Thermtron*, we have recognized that "administrative simplicity is a major virtue in a jurisdictional statute," and that "[c]omplex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims." *Hertz Corp.* v. *Friend*, 559 U. S. 77, 94 (2010).

I see no need to force Congress to fix a problem that this Court created. *Thermtron* has endured in no small part because the parties in many of our prior cases have failed to ask us to overrule it. *E.g., Carlsbad*, *supra*, at 638, n. (declining to revisit *Thermtron* because no party asked for its overruling, nor did the parties in three preceding cases applying *Thermtron*). We should stop forcing parties and lower courts to guess when §1447(d) will and will not apply, and should start applying the law as Congress enacted it. The petition in this case presents an opportunity to reconsider *Thermtron*. I would grant review in this case and any other that would allow us to revisit our mistaken approach to §1447(d). I respectfully dissent from the denial of certiorari.