**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CELISHA TOWERS,

    Plaintiff - Appellant,

v.

DANIEL SOPTIC; GAYLE TOWNSEND;
MARY GONZALES; TOM
BURROUGHS,

    Defendants - Appellees.

No. 21-3221
(D.C. No. 2:21-CV-02564-HLT-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Proceeding pro se, Celisha Towers appeals the district court's order remanding

her lawsuit to state court.[1] Because we lack jurisdiction, we dismiss her appeal.

According to her complaint, Towers ran for the office of Wyandotte County

Sheriff in 2021. After the election, Towers filed an action in state court against the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Towers's pro se submissions liberally, "but we do not act as [her] advocate." _United States v. Griffith_, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

declared winner and other individuals and government entities, alleging various election improprieties. Towers then filed a notice of removal in federal district court. The district court rejected Towers's attempt to remove the case and remanded it to state court, explaining that "removal by a plaintiff" is not permitted. App. 155 (citing *Montero v. Tulsa Airport Improvements Tr.*, 770 F. App'x 439, 440 (10th Cir. 2019) (unpublished)). The district court later denied Towers's motion to reconsider that decision. Towers appeals and asks that we permit her case to proceed in federal court.

We must first determine whether we have jurisdiction to review the district court's remand order or its order denying reconsideration. *See In re Stone Container Corp.*, 360 F.3d 1216, 1218 (10th Cir. 2004) ("The initial question in any challenge to an order remanding a removed case is whether the remand order is reviewable at all."). Our authority to review remand orders is circumscribed by statute: 28 U.S.C. § 1447(d) directs that "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal" unless the basis for removal is 28 U.S.C. § 1442 or § 1443. *See also BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) (explaining that "§ 1447(d) extends appellate review only to *some* orders—those remanding a 'case . . . removed pursuant to [§] 1442 or [§] 1443'" (omission in original) (quoting § 1447(d)); *Ysais v. Ysais*, 372 F. App'x 843, 844 (10th Cir. 2010) (unpublished) (noting that appellate court lacked "jurisdiction to review the denial of a . . . motion seeking reconsideration of a decision to remand the case to state court"). Thus, the issue becomes whether this case was removed under either of those statutory provisions. We conclude that it was not.

2

Even construing Towers's pro se removal notice liberally, her only purported basis for removing the case to federal court was that the district court had jurisdiction over her federal claims and supplemental jurisdiction over her state-law claims. The only removal statute she cited was § 1441. And she did not reference (even obliquely) either § 1442 or § 1443 as a basis for removal. *Cf. Taos Cnty. Magistrate Ct. v. Currier*, 625 F. App'x 358, 360 (10th Cir. 2015) (unpublished) (finding jurisdiction to review remand order because plaintiff's "references to federal disability rights" in pro se removal notice were "sufficient to raise § 1443(1) as a basis for removal").

Now, for the first time on appeal, and in response to a show-cause order we issued on this jurisdictional problem, Towers suggests that she removed the case under § 1442 and § 1443. But we generally do not consider arguments on appeal that were not presented to the district court. *See Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*, 968 F.3d 1156, 1170 (10th Cir. 2020). And we decline to do so here, even though Towers's newly minted arguments seek to establish our jurisdiction: Although we have a "duty to consider unargued *obstacles* to subject[-]matter jurisdiction," that duty "does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction."[2] *Tompkins v. U.S. Dep't of*

---

[2] We observe that even if Towers had invoked § 1442 and § 1443 in her removal petition, those statutes would not advance her stated goal of removing her state-court complaint to federal court. As the district court observed with respect to § 1441, neither § 1442 nor § 1443 permits *a plaintiff* to remove a case from state to federal court. *See* § 1442(a)–(b) (listing individuals and entities that may remove

*Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) (quoting *United States ex rel.*
*Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996)).

Because § 1447(d) bars our review of the district court's remand order, we
dismiss Towers's appeal for lack of jurisdiction. *See Harvey v. Ute Indian Tribe of*
*the Uintah & Ouray Rsrv.*, 797 F.3d 800, 808 (10th Cir. 2015) (dismissing appeal
after determining appellate review was barred by § 1447(d)). As a final matter,
because Towers fails to present a nonfrivolous appellate argument, we deny her
motion to proceed in forma pauperis. *See Standifer v. Ledezma*, 653 F.3d 1276,
1280–81 (10th Cir. 2011).

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

state-court actions commenced "against" them); § 1443 (stating that civil actions
initiated in state court "may be removed by the defendant").

4